UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REYNALDO MUNOZ, ) | |
| ) | No. 23 CV 3210 |
| Plaintiff, ) | |
| ) | |
| v. ) | Magistrate Judge Young B. Kim |
| ) | |
| REYNALDO GUEVARA, *et al.*, ) | |
| ) | May 7, 2024 |
| Defendants. ) | |

## ORDER

Plaintiff sues Defendants for wrongful conviction, causing him to spend 30 years in prison. Before the court is Defendants' motion for the entry of a protective order—an amended version ("Amended Version") of the Northern District of Illinois's Model Confidentiality Order Pursuant to LR 26.2 ("Model Version"), (R. 106-1). Plaintiff opposes portions of the Amended Version and asks that the court enter the Model Version instead. For the following reasons, the court sustains in part and overrules in part Plaintiff's objections to the Amended Version:

### Analysis

Defendants assert that good cause exists under Federal Rule of Civil Procedure 26(c) to enter the Amended Version. Rule 26(c) provides that "[t]he court may, for good cause, issue an order to protect the party from annoyance, embarrassment, oppression, or undue burden or expense." The party seeking entry of the protective order must establish good cause, which requires a showing that "disclosure will cause a clearly defined and serious injury," *Caine v. City of Chi.*,

No. 11 CV 8996, 2012 WL 13059125, at *1 (N.D. Ill. June 28, 2012). Good cause generally exists where there is "a sound basis or legitimate need to take judicial action." *Wiggins v. Burge*, 173 F.R.D. 226, 229 (N.D. Ill. 1997). The court must consider the facts and circumstances of each case and balance the interests involved when deciding whether there is good cause to enter a protective order. *Hobley v. Burge*, 225 F.R.D. 221, 224 (N.D. Ill. 2004). "[A] court has broad discretion in fashioning appropriate protective orders." *McGee v. City of Chi.*, No. 04 CV 6352, 2005 WL 3215558, at *2 (N.D. Ill. June 23, 2005).

When assessing the proposed terms of the Amended Version, the court considers that Defendants are unwilling participants in this lawsuit and that they have legitimate interests in protecting privacy and reducing the burden and expense of producing discovery. That said, the court appreciates that confidentiality orders can unduly restrict Plaintiff's use of discovery, make it cumbersome for him to manage information and documents Defendants produce, and possibly subject him to unnecessary sanctions. The court is also mindful of Rule 1's command that federal rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

Here, the Amended Version includes changes to Paragraphs 2-5 and 11 of the Model Version and a new Paragraph 6. Plaintiff objects to some of Defendants' proposed changes.

2

| Paragraph | Objection | Ruling |
|---|---|---|
| 2 | Plaintiff objects to the removal of the following provision from the Model Version: "Information or documents that are available to the public may not be designated as Confidential Information." He further argues that the court should not allow Defendants to "declare CR files in their entirety confidential out of the gate." (R. 111, Pl.'s Resp. at 5.) | The objection is sustained. Publicly available documents should not be designated as "confidential." While the court agrees with Plaintiff that marking entire CR files as "confidential" is unjustified, the court must not ignore other privacy and practical considerations. *See Jacobs v. City of Chi.*, No. 14 CV 5335, 2015 WL 231792, at *2 (N.D. Ill. Jan. 16, 2015). Balancing the parties' competing interests, the just and speedy resolution to this dispute is to allow Defendants to produce in discovery unredacted versions of CR files with "confidential" designations. Because Defendants represent that these unredacted versions are not publicly available, allowing Defendants to produce—and Plaintiff to review—responsive CR files quickly without the added burden of redactions will expedite discovery and protect legitimate privacy interests, until the CR files become necessary for use in the case as exhibits. At the same time, this ruling assures Plaintiff that non-CR files that are publicly available cannot be designated as "confidential." |
| | Plaintiff objects to the addition of the phrase "including the Illinois Freedom of Information Act (FOIA), 5 ILCS 140/1, *et seq.*" in subsection (a). | The objection is overruled. The Model Version already says that "information prohibited from disclosure by statute" may be designated as "confidential." The additional language merely highlights the most probable "statute" that is applicable to the documents to be produced in this case. |
| | Plaintiff objects to the inclusion of the phrase "of a sensitive or non-public nature" in subsection (h), arguing that this affords Defendants "discretion" to designate everything as | The objection is sustained. The addition of subsection (h) provides more specificity, but the phrase Plaintiff challenges can indeed present problems. The parties may move the court for leave to designate a document—not covered by the order the court enters—as |

| Paragraph | Objection | Ruling |
|---|---|---|
|  | "confidential." (R. 111, Pl.'s Resp. at 10.) | "confidential." |
| 3 | Plaintiff objects to the replacement of the phrase "at the time of" with "as soon as practicable" because this permits Defendants the right to designate documents as "confidential" at any time. | The objection is sustained because both the Amended Version and Model Version include a paragraph addressing "Inadvertent Failure to Designate." As such, the proposed change is not needed. |
| 4 | Plaintiff objects to the amendments to this Paragraph because they permit Defendants to designate portions of deposition transcripts as "confidential" even though such designation did not take place at the time of the deposition testimony. | The objection is overruled. While Plaintiff's objection to the Paragraph 3 amendments has merit, the amendments Defendants propose here fill a gap in the Model Version. The Model Version addresses a party's inadvertent failure to designate a document but does not cover inadvertent failure to designate deposition testimony as "confidential" at the time of the testimony. The Amended Version addresses this gap and requires the correction to take place within 14 days after the delivery of the transcript. The court finds this to be reasonable. However, there is no need to include "exhibits" because documents are already covered by other terms of the Amended Version. |
| 5 | Plaintiff objects to the amendment to subsection (b)(2)—which should be (b)(1)—on the basis that a trial in this case is likely years away from now. | The objection is overruled as moot. Defendants do not seek to change subsection (b)(1) of the Model Version. (See R. 106, Defs.' Mot. at 10.) |
|  | Plaintiff objects to the newly proposed subsection (b)(9), which requires witnesses to execute Attachment B before they can view "confidential" information, because this | Because Plaintiff objects and the Model Version already covers producing "confidential" information to witnesses, the court sustains the objection. The court adopts the Model Version's subsection (b)(9), which requires the consent of the producing party or a court order to allow witnesses to view |

4

| Paragraph | Objection | Ruling |
|---|---|---|
|  | step will be difficult to accomplish. | "confidential" information. |
| 6 | Plaintiff objects to this newly proposed Paragraph because it shifts the burden on Plaintiff to chase down information. | The objection is overruled. The court finds that Defendants have shown good cause and any burden placed on Plaintiff to seek the necessary PII is not unduly burdensome when compared with the rights of individuals to have their PII kept private from Plaintiff. |
| 12 | Plaintiff objects to replacing "use" with "admissibility" in this renumbered Paragraph because the replacement changes the meaning of the paragraph. | The court finds the proposed replacement—contrary to Defendants' argument—unnecessary. The scope of the term "use" is broader than the scope of the term "admissibility." Furthermore, the use of the term "admissibility" here does not add any value to the Paragraph. The Paragraph is included merely to inform the parties that the entry of the confidentiality order does not rule on the "use" of any "confidential" document, which necessarily includes "admissibility" of any "confidential" document as evidence. |

## Conclusion

For the foregoing reasons, the court adopts and enters the Amended Version with proposed changes to Paragraphs 2(a), 2(h), 4, and 6 as specified herein.

ENTER:

_Young B. Kim_
Young B. Kim
United States Magistrate Judge