**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **REYNALDO MUNOZ,** ) ) Plaintiff, ) ) v. ) ) **REYNALDO GUEVARA, JOANN** ) **HALVORSEN as PERSONAL** ) **REPRESENTATIVE of the ESTATE OF** ) **ERNEST HALVORSEN, EDWIN** ) **DICKINSON, MICHAEL O'GRADY,** ) **JEAN MORETH, LEE EPPLEN, UNKNOWN** ) **OFFICERS OF THE CHICAGO POLICE** ) **DEPARTMENT and the CITY OF CHICAGO,** ) ) Defendants. ) ) | No. 1:23-cv-03210 Honorable Sharon Johnson Coleman Magistrate Judge Young B. Kim |

**PLAINTIFF'S EMERGENCY MOTION REQUESTING THIS COURT ORDER THE DEPOSITION OF THIRD-PARTY WITNESS EDGAR MARTINEZ TO PROCEED ON OCTOBER 25, 2024, PER HIS REQUEST**

NOW COMES, Plaintiff, REYNALDO MUNOZ, by and through his attorneys, Bonjean Law Group, PLLC, respectfully asks this Court to order the third-party deposition of witness Edgar Martinez to proceed on October 25, 2024 – a date all parties previously agreed to hold for third-party depositions. Mr. Martinez wishes to proceed with his deposition on Friday and there is no reason that this deposition should not move forward. Defendants, through all of their 26 attorneys with appearances on record in this case, object to this request claiming they are no longer available.

1. As this Court knows, the parties got off to a slow start in conducting oral discovery in this case for a number of reasons not particularly relevant at this point.

2. Since this Court's Minute Order dated September 8, 2024, Plaintiff has worked

1

diligently to move discovery along in an expeditious fashion.

3. Plaintiff has taken the depositions of all Defendants with the exception of Dickinson and O'Grady. Dickinson resides in Florida and the parties are presently waiting for Defendants to confirm a date for his deposition. O'Grady apparently cannot be produced for a deposition due to health issues. Plaintiff continues to wait for a date to take O'Grady's deposition.

4. Plaintiff has taken depositions of three third-party police officers and a fourth is scheduled to take place next week.

5. Plaintiff has also produced four of Plaintiff's family members for depositions and has confirmed depositions for four additional family members of the Plaintiff that are scheduled for later this month and next month. Plaintiff's deposition is confirmed for November 14, 2024.

6. For their part, Defendants have taken one additional third-party deposition along with the aforementioned depositions of Plaintiff's family members.

7. Meanwhile, Plaintiff has been attempting to locate and serve several third-party witnesses identified in the Mena and Croff homicide investigative files. Many of these witnesses have relevant information to provide concerning the police investigation that resulted in Plaintiff's wrongful convictions of 30 years.

8. One such witness was Edgar Martinez, now 57 years old, was detained on the night of the shooting along with three of his friends and was allegedly brought to the hospital where the surviving victim was hospitalized. Police reports in the Mena homicide file identify Mr. Martinez and both his IR histories and various mug shots are also contained in the file. Plaintiff's counsel has deposed various defendant officers and third-party officers about their interactions with Martinez and his friends on the night of the shooting.

9. As the attached email dated October 2, 2024, reflects, Defense Counsel identified

deposition dates for various witnesses and further offered certain dates that should be reserved for third party depositions, including October 25, 2024. All parties understood that there are numerous third-party witnesses who might be difficult to find due to the age of the case and who might be less than cooperative.

10. On October 4, 2024, Plaintiff's counsel provided her investigator information to attempt to locate Mr. Martinez (and various other individuals) and serve him with a subpoena to take his deposition on October 25, 2024.

11. On October 20, 2024, Plaintiff's counsel's investigator was able to get service on Mr. Martinez. On October 21, 2024, Mr. Martinez telephoned Plaintiff's counsel's law offices to confirm his receipt of the subpoena and agreed that he would appear on October 25, 2024, for his deposition. Plaintiff's counsel emailed defense counsel immediately after confirming with the witness on October 21, 2024 (at around 12:38 p.m.) to advise that the deposition would move forward.

12. Even though the parties had previously agreed that the date would be reserved for third party depositions, defense counsel now claims that they are unavailable. They also expressed concern about being prepared for the deposition. Although notably, they immediately sent out an investigator to interview Mr. Martinez today and he apparently spoke to them. Mr. Martinez's involvement is very limited. Indeed, his deposition should take no longer than an hour from Plaintiff's perspective.

13. In the spirit of compromise, undersigned counsel indicated that if opposing counsel could offer up a date for next week, she would consult with the witness to see if he was amenable to change the date.

14. Only after the end of business today did defense counsel indicate they would be available on November 1, 2024, for Mr. Martinez's deposition.

15. However, Mr. Martinez has indicated that next week is not convenient for him and that he wishes to be deposed on the date of the subpoena, that is, October 25, 2024, at 1:00 p.m. by ZOOM.

16. As this Court knows, there is a fast-approaching fact-discovery deadline date of February 28, 2025. Much work is left to be done and nailing down third-party witnesses for depositions in a case that is 40 years old is no small task. This deposition should move forward where all parties previously agreed that the date was a good one, and most importantly the third-party deponent, who has been cooperative but is less than pleased about having to give a deposition in this case, wishes the deposition to move forward. There is no telling whether he will continue to be cooperative if we continue to inconvenience him.

17. Moreover, this deposition is taking place by zoom and should not take longer than hour.

18. There are 26 attorneys with appearances on file for the Defendants in this case. Three for the Plaintiff. Surely, Defendants can find adequate coverage to attend a zoom deposition for an hour. There is no good reason that the deposition should not move forward.

19. Accordingly, Plaintiff respectfully requests that this Court order the deposition to move forward where: (1) all parties previously agreed to reserve the date; (2) Plaintiff provided notice that Mr. Martinez was served promptly upon learning he was served; (3) Defense counsel has already sent an investigator out to speak with Mr. Martinez; and (4) Mr. Martinez's choice is that the deposition move forward on Friday.

Respectfully Submitted,

**REYNALDO MUNOZ**
By:   /s/JENNIFER BONJEAN
*One of His Attorneys*

Jennifer Bonjean
Ashley Cohen
Bonjean Law Group, PLLC
303 Van Brunt Street
Brooklyn, NY 11231
718-875-1850
jennifer@bonjeanlaw.com

**Chicago Address**
Bonjean Law Group, PLLC
53 W. Jackson Blvd., Ste. 315
Chicago, Illinois 60604