```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ILLINOIS
                   EASTERN DIVISION
```

| | | |
|---|---|---|
| REYNALDO MUNOZ, | ) | No. 23 C 3210 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Chicago, Illinois |
| | ) | October 21, 2024 |
| REYNALDO GUEVARA, JOANN HALVORSEN as PERSONAL REPRESENTATIVE OF THE ESTATE OF ERNEST HALVORSEN, EDWIN DICKINSON, MICHAEL O'GRADY, JEAN MORETH, LEE EPPLEN, UNKNOWN OFFICERS OF THE CHICAGO POLICE DEPARTMENT and the CITY OF CHICAGO, | ) ) ) ) ) ) ) ) | 9:57 a.m. |
| Defendants. | ) | Status Hearing |

```
              TRANSCRIPT OF PROCEEDINGS
     BEFORE THE HONORABLE SHARON JOHNSON COLEMAN
```

APPEARANCES:

For the Plaintiff:          BONJEAN LAW GROUP
                            303 Van Brunt Street
                            1st Floor
                            Brooklyn, New York  11231
                            BY:  MS. ASHLEY BLAIR COHEN

For the Individual          SOTOS LAW FIRM, P.C.
Officer Defendants:         141 West Jackson Boulevard
                            Suite 1240A
                            Chicago, Illinois  60604
                            BY:  MS. LISA MARIE MEADOR

For Defendant City:         ROCK FUSCO & CONNELLY
                            333 West Wacker Drive
                            19th Floor
                            Chicago, Illinois  60606
                            BY:  MS. EILEEN ELLEN ROSEN

```
         TRACEY DANA McCULLOUGH, CSR, RPR
              Official Court Reporter
           219 South Dearborn Street
                    Room 1232
              Chicago, Illinois  60604
                  (312) 435-5570
```

APPEARANCES CONTINUED:

For Defendant Guevara:   BORKAN & SCAHILL LTD.
                         20 South Clark Street
                         Suite 1700
                         Chicago, Illinois  60603
                         BY:  MR. DREW WYCOFF

1    (Proceedings held in open court:)
2        THE CLERK: 23 CV 3210, Munoz versus Guevara.
3        THE COURT: All right. Plaintiffs on this side by
4    the jury box. All right. Go ahead, Counsel.
5        MS. COHEN: Good morning, Your Honor. Ashley Cohen
6    on behalf of the plaintiff Reynaldo Munoz.
7        MS. MEADOR: Good morning, Your Honor. Lisa Meador,
8    M-E-A-D-O-R, on behalf of the individual officers except for
9    defendant Guevara.
10       THE COURT: Okay.
11       MS. ROSEN: Good morning, Your Honor. Eileen Rosen
12   on behalf of defendant City of Chicago.
13       THE COURT: All right. Thank you.
14       MR. WYCOFF: Good morning, Your Honor. Drew Wycoff
15   on behalf of defendant Guevara.
16       THE COURT: All right. Thank you. So I know Judge
17   Kim has been busy riding roughshod over you all.
18       (Laughter.)
19       THE COURT: Which is why I love him in his job. But
20   you all have I guess some -- a firm deadline date for your fact
21   discovery. Meaning you all can't just keep deposing and
22   deposing and deposing. He told you enough is enough. You
23   don't get to do every single person that said a peep. You
24   understand that, right?
25       MR. WYCOFF: Uh-huh.

1                MS. MEADOR: Yes.
2                THE COURT: Okay. So I agree with him on that. And
3    so your firm deadline is February 28th, 2025. So that's for
4    the discovery firm deadline. Don't come to me asking me for an
5    extension of that, because I won't give it to you. Okay. But
6    I will say -- right now you have expert discovery set to begin
7    April 11th. So once you deal with the fact discovery, I'm
8    going to leave that time open a little bit. I'm not going to
9    say you have a firm expert deadline, because I'm going to give
10   you the chance to talk settlement, if there is any. All right.
11   And be really sure about what you want to do next.
12               So right now we'll leave his date there. It should
13   begin by April 11th, but I'm not taking that as a firm no
14   change date. All right. But you need to show him that you
15   have been doing the work to get to the February 28th deadline,
16   and then to move forward fairly quickly. Did you want to say
17   anything on the record, plaintiff?
18               MS. COHEN: Well, just, Your Honor, briefly. Since
19   Judge Kim's order, we have been working very expeditiously. We
20   took 10 -- at least 10 almost full day depositions in the last
21   month.
22               THE COURT: Good.
23               MS. COHEN: And we are working extremely diligently
24   and collaboratively to, you know, expedite matters.
25               THE COURT: Good.

1     MS. COHEN: Our biggest problem, though, is we are
2 being met with roadblocks that are outside of our control. For
3 example, we have to move to compel the Cook County State's
4 Attorney's office to produce grand jury transcripts. It's my
5 understanding at least one of the defendants in this matter
6 testified before the grand jury, and we believe we are entitled
7 to it. We motioned that up before the Circuit Court, and the
8 State's Attorney is opposing that motion.
9     And so we know at least defendant Dickinson was one
10 of the individuals who testified before the grand jury from
11 what we can tell thus far in the records. And we can't do his
12 deposition without that grand jury transcript. And he's also
13 in Tampa. So there was also the hurricane, and there are
14 obviously issues outside of our control.
15     A second issue that is becoming an issue in all of
16 the Guevara related matters and just generally is that the Cook
17 County State's Attorney's office is providing extremely
18 over-redacted files. And all parties jointly would want to
19 move to compel the Cook County State's Attorney's office, and
20 perhaps pursuant to Federal Rule 42, we would like to do it in
21 all the matters because the issues are the same. Substantively
22 most of the issues, if not all of the issues, would be the same
23 so that we don't have to relitigate it over and over and over.
24 Obviously every time we have to file motions that delays when
25 we can do depositions.

1           So we have a very overly redacted Cook County State's
2   Attorney's office file, and our -- we had conferred on the
3   possibility of preparing a joint motion to compel the Cook
4   County State's Attorney in more than one matter before one
5   judge to consolidate.  And again, we are even --
6           THE COURT:  Wait.  And again, this is a state court
7   grand jury?
8           MS. COHEN:  Well, that's as to the state court grand
9   jury.  That was the first matter that I, that I was mentioning.
10  This is about the Cook County State's Attorney's office file
11  that they have produced, but it's very redacted.
12          MS. MEADOR:  Pursuant to subpoena.
13          THE COURT:  Yes.
14          MS. COHEN:  So we issued subpoenas, right.
15          THE COURT:  Okay.
16          MS. COHEN:  So we issued subpoenas in all of the --
17  in all of our cases for the Cook County State's Attorney's
18  file.  Their Felony Review file, and we're getting back these
19  majorly redacted files where it's our view we should be able to
20  move to compel them jointly.
21          THE COURT:  Have you all prepared an order?
22          MS. MEADOR:  We have not.  We just were talking about
23  it.  The -- if I can --
24          THE COURT:  There is a little wrinkle that nobody's
25  talking about, the horse in the room.  There's about to be an

1 election.
2     MS. MEADOR: Right. Well, so --
3     THE COURT: So in a couple of weeks. There's about
4 to be an election. And I'm certain that some of that has
5 something to do with some of this. And not saying it's
6 necessarily at the top. It might be people who are either
7 like, you know, in line positions that are saying, hey, I don't
8 want to have my hands doing this. I don't want to do this,
9 that are taking it upon themselves to say, you know, we're not
10 handing this over right now.
11     MS. MEADOR: Oh, we, we believe that this has come
12 from the top. It's been ongoing for at least two years. And
13 it starts with an inability to even get the response to the
14 subpoena for six months, and then it comes in heavily redacted
15 and --
16     THE COURT: When you say from the top, you're saying
17 from the State's Attorney?
18     MS. MEADOR: I would -- that's --
19     THE COURT: Or a First --
20     MS. MEADOR: It's speculation --
21     THE COURT: Because the top is not always the State's
22 Attorney.
23     MS. MEADOR: Yes. Yes.
24     THE COURT: The top is often the First Assistant.
25     MS. MEADOR: I, I don't have evidence.

1                 THE COURT:  I worked there long enough to know that.
2                 MS. MEADOR:  Me too.  Me too.  I don't -- I know that
3     these are -- this has been the marching orders.  And despite
4     orders being entered by magistrate judge after magistrate judge
5     denying the redactions, denying the privilege claims that
6     they're making, they continue to make the same ones, and we
7     have to relitigate over and over.  I think that's why
8     plaintiff's counsel has raised that, because it has been a
9     continual obstruction despite orders being entered by judges
10    here telling them essentially that the redactions and
11    withholdings are improper.
12                We did also discuss the fact that there is an
13    election, and things could very well change in the beginning of
14    the year --
15                THE COURT:  Or even then it's not going to -- I was
16    going to say it's not going to be super soon.
17                MS. MEADOR:  No.  In the beginning --
18                THE COURT:  Because -- yes.
19                MS. MEADOR:  After the beginning of the year.
20                THE COURT:  Okay.
21                MS. COHEN:  Unlikely before Judge Kim's schedule.
22                THE COURT:  Right.  Right.  Right.  Right.
23                MS. MEADOR:  So we did just want to --
24                THE COURT:  So, so a couple -- a couple of things.
25    First of all, you all prepare your draft.  Do a draft order to

1  compel.  Do that.
2             MS. MEADOR:  Okay.
3             THE COURT:  But also, I mean, if you all are really
4  solid on your footing about where you think the marching orders
5  are coming from, I have no problem with ordering someone of a
6  higher rank to appear in front of my Court and explain to me
7  why they aren't participating here.  I have no problem doing
8  it.  I'm not going to do it if you all don't have your ducks in
9  a row.  Make sure you know who you're asking me to bring here,
10 because I'll bring them, bring the person here, but I need to
11 make sure this isn't speculation, guess.  We don't look like --
12 where this is just like a big joke.  Why are you doing this and
13 wasting people's time?  All right.
14            MS. MEADOR:  Understood.
15            MR. WYCOFF:  Understood.
16            MS. COHEN:  And, Your Honor, one thing I will -- or a
17 couple things I will point out is the -- one of the issues is
18 that we did want to bring it, but I don't know if Your Honor
19 would, would welcome us bringing it in more than one matter in
20 a consolidated fashion before this Court.
21            THE COURT:  Yes, go ahead and do it.  Do it as a
22 group.
23            MS. COHEN:  The only --
24            THE COURT:  Do it on all the cases that you think
25 that you're having issues.  Just make sure it's, it's --

```
 1   they're all in front of me, right?
 2              MS. COHEN:  No.
 3              MS. MEADOR:  No.
 4              MS. COHEN:  No.  That's, that's the issue.
 5              THE COURT:  Okay.  Yes, that is an issue.
 6              MS. COHEN:  That's the issue.  Although Judge
 7   Gottschall did invite to do this for other matters.
 8              THE COURT:  Yes.  And you know what, and Judge
 9   Gottschall is a senior judge.
10              MS. COHEN:  So we'll wait for Judge Gottschall.
11              THE COURT:  Yes.  Yes.  Yes.  She's a senior judge,
12   and she can do things that I can't right now, or is more
13   inclined to do some things that I might not be able to do.
14              MS. MEADOR:  Fair enough.
15              THE COURT:  So, but I would definitely say on this
16   let's -- you know, give me the order, and then be real clear
17   about what it is you've been trying to get and who's been
18   blocking you, and I'll get someone of a higher rank to come in
19   here and explain why.  Because this is -- you know, they're
20   obstructing justice based -- what you're telling me.  That's
21   what you're telling me.  So if that's what you all are standing
22   by, then let's try to unplug it.  Okay.
23              MS. COHEN:  Yes.
24              MS. MEADOR:  Okay.  Thank you, Judge.
25              MS. COHEN:  Yes.  Thank you, Your Honor.
```

1  THE COURT: So get that. You all agree to it and get
2  it to my deputy, and I'll take a look at it, and we'll go from
3  there. All right. And in the meantime I'll just set a date.
4  I want to set a date in -- at the end of January, Yvette. End
5  of January for a status.
6  THE CLERK: For a status?
7  THE COURT: Yes. Just making sure -- I want to
8  make -- if we can do it almost at least a month before their
9  deadline so I can make sure. Maybe January -- if there's
10 January 28th or something around that date.
11 MS. MEADOR: Your Honor.
12 THE COURT: Yes.
13 MS. MEADOR: Just one additional issue, if I may.
14 We, I think, jointly have a concern about the expert discovery
15 disclosures that were entered by Judge Kim. If you want, we
16 can -- because of the simultaneous and like pre-disclosure
17 disclosure, which seems obviously quite foreign to me. And so
18 we were wondering if that's something then we address -- wait
19 to address then as things progress and see if that's necessary
20 then prior to the expert discovery disclosure date.
21 THE COURT: You're saying the fact that I push back
22 and I'm saying nothing needs to be certain for that expert
23 disclosure date or --
24 MS. COHEN: I believe Judge Kim ordered us to within
25 three days of retaining any potential experts to produce at

```
 1   least the CVs, and that's a little --
 2              THE COURT:  Yes.
 3              MS. MEADOR:  Foreign.
 4              MS. COHEN:  -- foreign.
 5              MS. MEADOR:  Foreign is the best way I can --
 6              MS. COHEN:  Yes.
 7              THE COURT:  All right.  But he ordered it.  I'm not
 8   going to change his order on that.  You all go back and say,
 9   hey, can you look at this again, Judge.
10              MS. COHEN:  Okay.
11              MS. MEADOR:  Fair.
12              THE COURT:  Just because he's tough does not mean
13   he's unreasonable.
14              MS. MEADOR:  Fair enough.
15              THE COURT:  I think you can bring it back to him and
16   say, you know what, this is not -- this is hard for us.  All
17   right.  In the meantime I know you're waiting for an order from
18   me too.  All right.
19              MS. COHEN:  Do you want briefing, Your Honor, or
20   would just a draft -- a draft order?
21              THE COURT:  For?
22              MS. COHEN:  The motion to compel the Cook County's
23   State's Attorney's office.
24              THE COURT:  Oh, no.  On that since you all agreed to
25   do that, no.  You all just do a draft order together.
```

```
 1                MS. COHEN:  Oh, okay.
 2                MS. MEADOR:  Okay.  Great.  Thank you.
 3                THE COURT:  Right.  Right.  So I'm saying as to right
 4   now I've got your motion to bifurcate fully briefed.
 5                MS. MEADOR:  Yes.
 6                THE COURT:  So that one I hope to have done too.
 7   Okay.
 8                MS. ROSEN:  Thank you.
 9                MR. COHEN:  Can I just raise one matter with the
10   Court as it relates to the bifurcation issue.
11                THE COURT:  Sure.
12                MS. COHEN:  Just based on -- in this case
13   specifically plaintiff has a particularly strong Brady claim
14   in, in his view, where the Circuit Court vacated Mr. Munoz's
15   conviction based on a Brady violation.  We -- our position is
16   that defendant Halvorsen's suppression of exculpatory evidence,
17   which was documented in a police report and not put into the
18   investigative file --
19                THE COURT:  Counsel, I am going to stop you a second.
20   Are you attempting to argue the motion to --
21                MS. COHEN:  No.  No.  I just want to give you a tiny
22   bit of background because I do have a question about whether
23   Your Honor would want supplemental briefing in -- related to
24   our bifurcation issue.
25                THE COURT:  Let me say this:  If you think I need
```

1  supplemental briefing, then you can do a motion to try to file
2  it, and I'll tell you whether I want it or not.
3          MS. COHEN: Okay.
4          THE COURT: Let's do it like that.
5          MS. COHEN: Okay.
6          THE COURT: Because otherwise you're doing an end
7  run, and they -- this group over here didn't look like they
8  were ready for it, so ---
9          MS. COHEN: Understood. And I don't -- I just don't
10 know if Your Honor is near resolution or if there is time for
11 that.
12         THE COURT: No.
13         MS. COHEN: I don't want to delay the Court, so --
14         THE COURT: No, I mean, you can -- yes, I am probably
15 closer to resolution than not. It's going to be out definitely
16 in time for you all to continue with your discovery.
17         MS. COHEN: Understood.
18         THE COURT: No problem. So yes. But I don't -- if I
19 need anything else, I will let you know.
20         MS. COHEN: Okay.
21         THE COURT: And I will, I will look at what I'm doing
22 in that vein. All right.
23         MS. COHEN: Understood. Thank you, Your Honor.
24         THE COURT: All right. Thank you. Anything else
25 from the plaintiff or defendants?

```
1                MS. COHEN:  Nothing from me.
2                MR. WYCOFF:  Nothing from defendants.
3                MS. ROSEN:  Nothing from defendants.
4                THE COURT:  Thank you very much.
5                MS. MEADOR:  Just double checking.
6                THE COURT:  All right.  Again, we're doing a January
7    date, Yvette.
8                THE CLERK:  Yes.
9                THE COURT:  Go ahead.
10               THE CLERK:  January 28th at 9:45 a.m..
11               THE COURT:  All right.  Right now that's our status.
12   All right.  But you all, please --
13               MR. WYCOFF:  Thank you, Your Honor.
14               THE COURT:  -- if I get more information, if you all
15   get me something, then we may probably see each other well
16   before then if we can get some, some movement on the stricken,
17   redacted information.  Okay.
18               MS. MEADOR:  Okay.
19               MS. ROSEN:  Thanks, Judge.
20               MS. MEADOR:  Thanks, Judge.
21               MS. COHEN:  Thanks, Judge.
22               THE COURT:  Thank you.
23          (End of proceedings.)
24
25
```


1               CERTIFICATE

2        I HEREBY CERTIFY that the foregoing is a true,

3  correct and complete transcript of the proceedings had at the

4  hearing of the aforementioned cause on the day and date hereof.

5

6  /s/TRACEY D. McCULLOUGH                              October 22, 2024

7  Official Court Reporter                                    Date
   United States District Court
8  Northern District of Illinois
   Eastern Division

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25