UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REYNALDO MUNOZ, ) | |
| ) | Case No. 23-cv-03210 |
| Plaintiff, ) | |
| ) | Judge Sharon Johnson Coleman |
| v. ) | |
| ) | |
| REYNALDO GUEVARA, GERI LYNN ) | |
| YANOW, as special representative of ) | |
| ERNEST HALVORSEN, EDWIN ) | |
| DICKINSON, MICHAEL O'GRADY, ) | |
| JEAN MORETH, LEE EPPLEN, ) | |
| UNKNOWN OFFICERS OF THE ) | |
| CHICAGO POLICE DEPARTMENT ) | |
| and the CITY OF CHICAGO, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Reynaldo Munoz brings constitutional and state law claims against six individual police officers (collectively "Defendant Officers") and a 42 U.S.C. § 1983 *Monell* claim against the City of Chicago (the "City" or "City of Chicago") (collectively, "Defendants"). Before the Court is Defendants' Federal Rule of Civil Procedure 42(b) motion to bifurcate Plaintiff's *Monell* claim against the City of Chicago and to stay discovery and trial on this claim. For the following reasons, the Court denies Defendants' motion without prejudice.

**Background**

Plaintiff filed this suit against Defendant Officers for actions stemming from his arrest, prosecution, and conviction for the 1985 murder of Ivan Mena and the attempted murder of Bouvier "Bobby" Garcia. (Dkt. 93.) Plaintiff alleges that Defendants violated his due process rights by fabricating evidence, concealing exculpatory evidence, and coercing witnesses. (*Id.*) Plaintiff also alleges that Defendants conspired to deprive Plaintiff of his constitutional rights and failed to

intervene to protect those rights, as well as other federal and state law claims.

Along with these claims against Defendant Officers, Plaintiff brings a *Monell* claim against the City of Chicago alleging that the constitutional violations he suffered were carried out by Defendant Officers in accordance with the City's policies, practices, and customs. Specifically, Plaintiff alleges that the City failed to train, supervise, and discipline Defendant Officers, and that the City had the following "*de facto* policies, practices and/or customs": manufacturing and fabricating false witness statements, filing false reports, giving false testimony, suppressing evidence; pursuing and obtaining wrongful convictions; and perpetuating, encouraging, and condoning a code of silence among police officers. (*Id.*)

On February 20, 2024, Defendants filed a joint motion to bifurcate Plaintiff's § 1983 *Monell* claim against the City of Chicago and stay discovery and trial on this claim. Discovery on Plaintiff's *Monell* claim has been stayed during the pendency of this motion.

The Court now considers Defendants' motion.

**Legal Standard**

Rule 42(b) authorizes the Court to order a separate trial of one or more separate claims "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Because bifurcation risks additional delay by litigating a case in a piecemeal fashion, bifurcation is the exception and not the rule. *A.L. Hansen Mfg. Co. v. Bauer Products, Inc.*, No. 03-cv-03642, 2004 WL 1125911, at *2 (N.D. Ill. May 18, 2004) (Ashman, Mag. J.). This is particularly so in the Seventh Circuit, where "the weight of authority holds that bifurcation is now heavily disfavored." *Awalt v. Marketti*, No. 11-cv-06142, 2012 WL 1161500, at *10 n.2 (N.D. Ill. Apr. 9, 2012) (Kendall, J.).

Despite this weight of authority, the ultimate decision to bifurcate under Rule 42(b) is within the Court's discretion. *Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1121 (7th Cir. 1999). A court may may separate claims or issues for trial if the separation would prevent prejudice to a party

2

or promote judicial economy. *Id.* If one of these criteria is met, the court may order bifurcation "as long as doing so will not prejudice the non-moving party or violate the Seventh Amendment." *Chlopek v. Federal Ins. Co.,* 499 F.3d 692, 700 (7th Cir. 2007). Pertinent to this case, a district court also has wide discretion with respect to discovery matters, and Federal Rule of Civil Procedure 26(d) allows a court to stay discovery on *Monell* claims. Fed. R. Civ. P. 26(d); *Bradford v. City of Chicago*, No. 16-cv-01663, 2019 WL 5208852, at *2 (N.D. Ill. Oct. 16, 2019) (Durkin, J.)

**Discussion**

*A. Prevent prejudice to a party*

The City argues that bifurcation would prevent prejudice in two ways. First, the City argues that bifurcating Plaintiff's *Monell* claim is necessary to "protect[] all Defendants from the inevitable prejudice caused by the introduction at trial of evidence relating to numerous claims of alleged police misconduct that are not related to Plaintiff's case." (Dkt. 93.) Specifically, the City argues that the "presentation of broad evidence of the City's alleged customs and practices" by Plaintiff during trial "would be unduly prejudicial and would likely cause significant juror confusion." (*Id.*) Next, the City argues that bifurcation is necessary to distinguish Plaintiff's *Monell* claim from its *respondeat superior* claim. Without bifurcation, Defendants argue, "[a] jury asked to weigh evidence of individual employee misconduct and policy evidence may conflate the broad evidence on Monell liability as proof of the City's derivative liability under a *respondeat superior* theory." (*Id.*)

Neither of these arguments is persuasive at the present stage of litigation. As the parties are still engaged in fact discovery, Defendants' concerns about the prejudicial impact of Plaintiff's arguments at trial are speculative at best. And while Defendants' point to a prior holding of this court to argue that "limiting instructions and stipulations [will be] insufficient to ameliorate the potential prejudice to Defendants," (Dkt. 93) (citing *Washington v. Boudreau*, No. 16-cv-01893, 2023 WL 184239, at *6 (N.D. Ill. Jan. 13, 2023) (Kness, J.), they do not provide any support that this case in fact

3

"presents one of those perhaps-rare occasions" where the presumption that "limiting instructions cure everything" is rebutted. *United States v. Chaparro*, 956 F.3d 462, 482 (7th Cir. 2020); *see also Medina v. City of Chicago*, 100 F. Supp. 2d 893, 898 (N.D. Ill. 2000) (Kennelly, J.) ("[O]ur system generally trusts jurors to understand and follow limiting instructions regarding consideration of evidence against some defendants and not others—even in criminal cases, where a person's liberty is at stake."). If after the close of discovery and dispositive motions it becomes clear that Plaintiff's arguments present a risk of prejudice to Defendant Officers that cannot be cured by a limiting instruction, Defendants may raise the issue of bifurcation at that time.

For these reasons, the Court finds that bifurcation is not necessary to prevent prejudice to a party.

B. *Promoting judicial economy*

The City argues that bifurcating Plaintiff's *Monell* claim will promote efficiency and judicial economy by avoiding the need for two trials. Because of the nature of the constitutional violations alleged by Plaintiff, the City argues, "it is not possible for a jury to find Monell liability against the City without first finding Defendant Officers liable." (Dkt. 93.) As such, if the jury finds that Defendant Officers are not liable, then there could not be a second trial on the *Monell* claim. Alternatively, if the jury finds that Defendant Officers are liable, the City argues that its "statutory and contractual obligation to indemnify Defendant Officers" obviates the need for a second trial.

To the first argument, the City points to the Seventh Circuit's holding in *Thomas v. Cook County Sheriff's Dep't.*, 604 F.3d 293 (7th Cir. 2010) to argue that "[n]one of [Plaintiff's] claims are viable unless the jury first finds that Defendant Officers violated Plaintiff's constitutional rights." (Dkt. 93.) As to the second, the City notes that a prevailing plaintiff "is not entitled to any additional recovery of compensatory damages against the City, even if he is successful in proving Monell liability." (*Id.*) (citing 745 ILCS 10/9-102). The City further argues that the proposed consent judgment would allow

4

Plaintiff to obtain compensatory damages even if Defendant Officers assert and prevail on a qualified-immunity defense "as long as he proves his constitutional rights were violated." (Dkt. 93.)

As with its arguments regarding prejudice, the City's arguments are unavailing. In *Thomas*, the Seventh Circuit rejected the argument that a municipality can only be held liable for damages under *Monell* if the officer(s) are first found to be liable. 604 F.3d at 305. Instead, the court held that a municipality can be held liable under *Monell* even when its officers are not "unless such a finding would create an *inconsistent* verdict." *Id.* (emphasis in original). To determine whether a finding would be inconsistent, the courts must "look to the nature of the constitutional violation, the theory of municipal liability, and the defenses set forth." *Id.*

While Plaintiff asserts numerous violations of constitutional rights that could result in an inconsistent finding under *Thomas*, here, as explained by other courts in this district, a jury could find that Defendant Officers were not responsible for suppressing exculpatory evidence yet still determine that the City's file-keeping system prevented the disclosure of this evidence. *See, e.g.*, *Rodriguez v. Guevara, et al.*, No. 18-cv-07951, Dkt. 68 (N.D. Ill. Dec. 17, 2019) (Rowland, J.) (collecting cases); *Gomez v. Guevara et al.*, No. 18-cv-03335, Dkt. 51 (N.D. Ill. April 4, 2019) (Kocoras, J.) (same). And though the City's proposed consent judgment, if it were accepted by Plaintiff, may in fact ensure that the Plaintiff is appropriately compensated if Defendant Officers are found liable, the consent judgment would not address Plaintiff's "'legitimate non-economic motivators to pursue a *Monell* claim against the City,' including deterring future misconduct and shining a light on unconstitutional policies through a judgment finding the City liable based on its policies, practices, or customs." *Rodriguez v. City of Chicago*, No. 17-cv-07248, 2018 WL 3474538, at *3 (N.D. Ill. July 19, 2018) (Kim, Mag. J.) (quoting *Est. of Loury by Hudson v. City of Chicago*, No. 16-cv-04452, 2017 WL 1425594, at *5 (N.D. Ill. Apr. 20, 2017) (St. Eve, J.). As such, regardless of whether Defendant Officers are found liable, a second trial on the bifurcated *Monell* claim may still be necessary or desired by Plaintiff to achieve the

5

relief sought.

For these reasons, the Court finds that bifurcation is not necessary to promote judicial economy.

C. *Stay of Discovery*

Along with their arguments regarding the impact of bifurcating Plaintiff's *Monell* claim on trial, Defendants also argue that bifurcating and staying discovery on the *Monell* claim would avoid a "contentious and time-consuming" discovery process. (Dkt. 93.) But this assumes that Plaintiff's *Monell* claim would never go to trial, an argument the Court dispensed of above. Instead, staying discovery on the *Monell* claim until after resolution of Plaintiff's claims against Defendant Officers would likely extend the length of litigation by requiring two separate rounds of discovery. As this court reasoned in a prior analogous case, "bifurcating *Monell* discovery only tends to prolong the case and leads to unnecessary disputes as to the appropriate scope of non-*Monell* versus *Monell* discovery." *Sierra v. Guevara*, No. 18-cv-03029, Dkt. 88 (N.D. Ill. Nov. 7, 2018) (Lee, J.) To this point, this case is one of several involving the City of Chicago's policies and practices and Defendant Officers Guevara and Halvorsen, which will likely reduce the burden of discovery against the City. *Id.* (noting that "while the *Monell* discovery may not completely overlap or even substantially overlap" with other ongoing cases, "the city certainly has a good start on how it would go about searching for discovery that would be the subject of plaintiff's Monell claims").

Finally, the Court is mindful that although discovery on Plaintiff's *Monell* claim has been stayed while Defendants' motion has been under advisement, fact discovery on Plaintiff's remaining claims has continued to proceed. As such, the Court expects the parties to address and resolve any issues related to the scope, breadth, and duration of discovery on Plaintiff's *Monell* claim through normal motion practice before the Court.

**Conclusion**

Because bifurcation would not avoid prejudice or promote judicial economy, Defendants' joint motion to bifurcate and to stay discovery and trial is denied without prejudice [93]. Parties are directed to file a proposed discovery schedule on Plaintiff's *Monell* claim before the Magistrate Judge. If, after the close of discovery and dispositive motions, it is determined that Plaintiff's arguments may present a risk of prejudice to Defendant Officers at trial that cannot be cured by a limiting instruction to the jury, Defendants may again raise the issue of bifurcation at that time.

**IT IS SO ORDERED.**

Date: 11/25/2024

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge