IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **REYNALDO MUNOZ,** | ) | |
| | ) | |
| Plaintiff, | ) | No. 23-CV-03210 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| **REYNALDO GUEVARA, *et al.*,** | ) | Magistrate Judge Young B. Kim |
| | ) | |
| Defendants. | | |

**MOTION TO COMPEL COOK COUNTY STATE'S
ATTORNEY'S OFFICE TO PRODUCE UNREDACTED DOCUMENTS**

Plaintiff Reynaldo Munoz, by and through his attorneys, Bonjean Law Group, moves this Court to enter an order compelling third-party subpoena respondent Cook County State's Attorney's Office ( "CCSAO") to comply with Plaintiff's record subpoena. In support thereof, Plaintiff states as follows:

**BACKGROUND**

Plaintiff Reynaldo Munoz ("Plaintiff") was wrongfully prosecuted and convicted for the 1985 murder of Ivan Mena and attempt murder of Bouvier "Bobby" Garcia. Dkt. 62, Am. Compl., ¶¶ 1-2. After serving 30 years in the Illinois Department of Corrections for a crime he did not commit. After an evidentiary hearing, Cook County Circuit Court Judge Sophia Atcherson granted Mr. Munoz a new trial after finding, *inter alia,* that Plaintiff Munoz was actually innocent and that his constitutional rights under *Brady v. Maryland* were violated in the proceedings that resulted in his conviction. The State dismissed the charges against Mr. Munoz and he was granted a certificate of innocence on March 13, 2023. *Id.*, ¶¶ 14-15. Plaintiff subsequently filed the instant lawsuit against the City of Chicago and individual Chicago Police Department Officers (the "Defendant Officers") alleging, *inter alia,* that the Defendant Officers concealed exculpatory evidence from him in violation

of his Fourteenth Amendment rights and that he was maliciously prosecuted for the crimes pursuant to the Fourth Amendment. *Id.*, ¶¶ 141-227.

On October 3, 2023, the Defendant Officers issued a subpoena to CCSAO seeking a copy of the prosecution file from the underlying criminal case ("Defendant Officers' 10/3/23 CCSAO Subpoena"). *See* Defendant Officers' 10/3/23 CCSAO Subpoena, which has been attached hereto as **Exhibit A**. Over three months later, on January 9, 2024, CCSAO tendered the first production of requested documents and notified the Defendant Officers that it was asserting various privileges over the requested documents by way of a 11-page privilege log ("Privilege Log"). *See* Privilege Log, which has been attached hereto as **Exhibit B**.

On September 20, 2024, Plaintiff issued a subpoena to CCSAO seeking certain documents from the underlying criminal case, including many of the same materials sought by Defendants - grand jury transcripts, bond hearing transcripts, preliminary hearing, Felony Review, habeas corpus petitions, criminal prosecution, trial, appeals, post-conviction investigation and proceedings, and certificate of innocence proceedings ("Plaintiff's 9/20/24 CCSAO Subpoena"). *See* Plaintiff's 9/20/24 CCSAO Subpoena, which is attached hereto as **Exhibit C**. Counsel for CCSAO accepted service of Plaintiff's 9/20/24 CCSAO Subpoena via email. *See* Communications between Plaintiff and CCSAO, which is attached hereto as **Exhibit D** at 43.

On October 15, 2024, in an attempt to avoid unnecessary protracted pretrial discovery and because Plaintiff had not yet received a response from CCSAO to Plaintiff's 9/20/24 CCSAO Subpoena, Plaintiff's counsel requested that CCSAO provide an indication of whether it intended to tender its January 9, 2024, production and Privilege Log to Plaintiff in response to Plaintiff's 9/20/24 CCSAO Subpoena. Ex. D at 29-30. In that same email, Plaintiff's counsel also explained that the Privilege Log produced in response to the Defendant Officers' 10/3/23 CCSAO Subpoena was inadequate and again requested amended privilege logs and requested to meet and confer with

CCSAO regarding Plaintiff's objections.[1] *Id.* CCSAO responded that prior to discussing any objections with Plaintiff's counsel, it would require that Plaintiff's counsel provide their specific objections in writing. Ex. D at 25-26.

On October 25, 2025, pursuant to Local Rule 37.2 and the Federal Rules of Civil Procedure, undersigned counsel and counsel for CCSAO proceeded by way of teleconference and in good faith to attempt to resolve the issues identified in Plaintiff's October 25, 2024, letter to CCSAO, which is attached hereto as **Exhibit E**. Plaintiff's counsel requested a corrected privilege log, explaining that CCSAO had failed to provide information necessary to support its privilege designations or enable Plaintiff to assess whether the privileges were appropriately invoked as to the production of state grand jury material, deliberative process, attorney work product, and the production of LEADS data. *See* Ex. E; *see also* Ex. D at 9-10. Plaintiff's counsel also asked CCSAO to indicate whether its production was complete. *See* Ex. D at 9-10. Counsel for CCSAO, however, remained unwilling to correct or otherwise supplement its 1/9/24 Privilege Log or production. Immediately following the meet and confer, Plaintiff's counsel provided to CCSAO a writing memorializing what was discussed during the meet and confer related to CCSAO's production. *Id.* Plaintiff's counsel again requested in writing an amended privilege log. *Id.*

On the same date, October 25, 2024, Cook County Circuit Court Judge Jennifer F. Coleman granted Defendant's motion to release grand jury materials subject to a protective order.

On November 7, 2024, CCSAO finally tendered its first production of requested documents and notified Plaintiff that it was asserting various privileges over the requested documents. CCSAO produced to Plaintiff a copy of the Privilege Log that it provided to the Defendant Officers in

---

[1] On December 18, 2024, Plaintiff issued a second subpoena to the CCSAO for a file, namely the file related to the prosecution of Edwin Suarez and Carlos Creasy for the murder of Daryl Griggs. The subpoena is returnable on January 18, 2025. The CCSAO has acknowledged receipt of the subpoena but there is no reason to believe that it will respond with any alacrity. If history is prologue, the CCSAO will not respond for several months. Fair warning, Plaintiff may have to return to court to compel production of that file as there is a fast-approaching fact discovery deadline and the file has critical information relevant to the instant case.

response to their 10/3/23 CCSAO Subpoena. CCSAO tendered to Plaintiff the exact same production and Privilege Log as it did in response to Defendant Officers' 10/3/23 CCSAO Subpoena, and did not provide any new or clarifying details regarding the documents to support its assertions of privilege. Ex. B.

On October 21, 2024, Plaintiff's counsel raised its concerns regarding CCSAO's inadequate Privilege Log and its refusal to correct or otherwise supplement the same at the status hearing before the District Court. The Court invited the parties to jointly submit a draft order to the Court in lieu of briefing to compel CCSAO to produce the unredacted/withheld file materials. Dkt. 136. On December 9, 2024, Plaintiff's counsel submitted a draft proposed order to Defendants for their review. Despite Plaintiff's efforts to work with Defendants' counsel, Defendants have failed to provide any feedback or response to the proposed order. Accordingly, Plaintiff has been unable to submit a joint proposed order on behalf of the parties to this Court.

On December 30, 2024, CCSAO supplemented its initial production to Plaintiff, including victim autopsy and medical examiner reports (approximately 33 pages), additional medical records that are almost entirely illegible (approximately 40 pages), and documents referencing the Grand Jury (four pages). CCSAO indicated Plaintiff would need to obtain the Grand Jury transcripts by contacting the official court reporting service assigned to the Grand Jury proceedings the underlying criminal case. CCSAO, however, did not correct or amend its Privilege Log.

On January 3, 2025, undersigned counsel and counsel for the again attempted to resolve their differences in a second meet and confer conference. CCSAO remained unwilling to further supplement its production or otherwise supplement its Privilege Log.

To date, CCSAO has not provided a complete production of records in response to Plaintiff's 9/20/24 Subpoena. Additionally, the Privilege Log lacks the information required under Federal Rule of Civil Procedure 26(b)(5), as well as pertinent details necessary to establish that CCSAO has

properly invoked a privilege over the subpoenaed records thereby further preventing Plaintiff from assessing CCSAO's claims.

Counsel for Plaintiff has conferred with counsel for CCSAO several times and made multiple requests for CCSAO to reconsider its position to avoid motion practice. CCSAO, however, maintains its position that the details contained within the Privilege Log are adequate. Given the current impasse on the sufficiency of the Privilege Log, it is anticipated that the same issues will arise with respect to the yet to be disclosed documents. Plaintiff sincerely appreciates the Court's efforts to streamline discovery in this case by way of joint proposed order. However, it is Plaintiff's position that filing the instant motion compel CCSAO to comply with Plaintiff's record subpoena is the most prudent and efficient means of obtaining complete production by CCSAO in response to Plaintiff's 9/20/24 CCSAO Subpoena.

## STANDARD OF REVIEW

Rule 26(b)(1) allows, "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The party requesting discovery bears the initial burden to establish relevancy. *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993). If the discovery is relevant, the objecting party bears the burden of showing why it is improper. *Eternity Mart, Inc. v. Nature's Sources, LLC*, No. 19-CV-02436, 2019 WL 6052366, at * 2 (N.D. Ill. Nov. 15, 2019) (citation omitted).

A party claiming that otherwise discoverable information is privileged must "expressly make the claim," and "describe the nature of the documents, communications, or tangible things ... in a manner ... that will enable other parties to assess the claim." *Holmes v. Hernandez*, 221 F.Supp.3d 1011, 1015 (N.D. Ill. 2016) (citing Fed. R. Civ. P. 26(b)(5)(A)); *see also* Fed. R. Civ. P. 45(e)(2)(A). "This means that the burden rests upon the party objecting to disclosure to show why the information is privileged." *Id.* (quoting *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006)).

Rule 37(a)(3)(B)(iv) permits a party to move for an order compelling production or inspection if "a party fails to produce documents or fails to respond that inspection will be permitted--or fails to permit inspection--as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii); *see also* Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection."). An incomplete disclosure "must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

## DISCUSSION

**I.     CCSAO Has Waived Any Claim of Privilege or Protection**

"Rule 45 requires a person commanded to produce documents by a subpoena to serve a written objection before the earlier of the time specified for compliance or 14 days after the subpoena is served." *Young v. City of Chicago,* No. 13 C 5651, 2017 WL 25170 at * 6 (N.D. Ill Jan. 3, 2017) (quoting Fed. R. Civ. P. 45(d)(2)B)). Moreover, a person withholding subpoenaed material based on a claim of privilege must "expressly make the claim" and prepare a privilege log. *Id.* Here, Plaintiff served CCSAO with a subpoena for documents on September 20, 2024. On November 7, 2024, CCSAO produced documents responsive to that subpoena and a privilege log. CCSAO failed to timely respond to the subpoena and failed to timely produce a privilege log which was inadequate in any event.

Furthermore, Federal Rule of Civil Procedure 45(e)(2)(A)(ii) requires a subpoenaed non-party withholding subpoenaed information to (1) "expressly make the claim" and (2) "describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." *Young*, 2017 WL 25170 at * 6. "Specifically, a privilege log must be detailed enough to enable any other party to assess the applicability of the privilege asserted and should include: (1) the name and capacity of each individual from whom or to whom a document and any attachments were sent or otherwise disclosed (including which persons are lawyers); (2) the date of the document and any

6

attachments; (3) t he type of document; (4) t he Bates numbers of the documents; (5) t he nature of the privilege asserted; and (6) a description of the subject matter contained in the document in sufficient detail to determine if legal advice was sought or received or if the document constitutes attorney work product." *Schaeffer v. City of Chicago*, 2020 WL 7395217, at * 8-9 (N.D. Ill. Dec. 15, 2020) (citing *Allendale Mut. Ins. Co. v. Bull Data Systems, Inc.*, 145 F.R.D. 84, 88 (N.D. Ill. 1992) ). A non-party's failure to provide a proper privilege log may result in waiver of any asserted privilege. *Schaeffer*, 2020 WL 7395217 at *9.

Here, CCSAO failed to timely object to Plaintiff's 9/20/24 Subpoena and failed to provide a privilege log that complies with Fed. R. Civ. P. 45(e)(2 ) (A)(i i) . Furthermore, CCSAO did not produce a corrected or otherwise amended privilege log curing its deficiencies upon Plaintiff's request after the October 25, 2024 and December 30, 2024, meet and confers. *See, e.g.,* Ex. D at 10 ("Plaintiffs have no ability to adequately assess the States position on specific documents where the privilege logs don't provide sufficient descriptions or dates in the privilege log. Plaintiffs ask that you review your privilege logs in all matters, with Munoz taking priority, and amend them with more details and the dates they were prepared so the parties can have an additional meet and confer on specifics. Additionally, Plaintiffs are willing to review any authority you might have to support your positions[.]"). A ccordingly, CCSAO should be ordered to produce all withheld documents in unredacted form with the exception of any social security numbers and pursuant to the confidentiality order entered in this case.

**II.     CCSAO's Privilege Log Is Insufficient**

Where a subpoenaed non-party is "withholding subpoenaed information under a claim that it is privileged," then the subpoenaed non-party must (1) "expressly make the claim," and (2) "describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P. 45 (e)(2)(A)(i)–(ii); *see also Young*, 2017 WL 25170 at * 6 ("Rule 45(e) specifies

additional requirements when a person withholds subpoenaed material based on a claim of privilege or work-product protection, including a requirement that the person expressly make the claim…and prepare a privilege log.") (citations and quotations omitted). In this district, courts require "that a privilege log identify 'for *each* separate document the following information: the date, the author and all recipients, along with their capacities, the subject matter of the document, the purpose for its production and a specific explanation of why the document is privileged.'" *RBS Citizens, N.A. v. Husain*, 291 F.R.D. 209, 218 (N.D. Ill. 2013) (providing string cite of supporting authority) (emphasis in original).

Rule 45 gives a "subpoenaed nonparty responding to discovery a choice: prepare an adequate privilege log or risk an order compelling disclosure of the allegedly privileged material." *Young*, 2017 WL 25170 at * 6; *see also Mosley v. City of Chicago*, 252 F.R.D. 445, 449 n.5 (N.D. Ill. 2008) (rejecting respondent's excuse for failing to provide a privilege log); *Schaeffer*, 2020 WL 7395217, at * 1, n.1 (collecting cases that hold "if any party or non-party submits a privilege log that does not comply with applicable law, then the failure to provide a proper privilege log may result in waiver.").

CCSAO invokes numerous bases for withholding and/or redacting documents including work product and deliberative process privileges. *See* Ex. B. However, the logs do not adequately describe the nature of the documents or provide context. For example, many withheld or redacted documents are described as "ASA Notes: trial preparation" or "ASA Notes: trial tactics, Ex. B, and invoke both attorney work product and deliberative process privileges without any further description or dates to provide context. It is also unclear whether the redacted/withheld documents are protecting facts or protecting opinions.

Moreover, CCSAO Privilege Log lists numerous reasons for withholding and/or redacting large swaths of documents but does not indicate which reason applies to each. Plaintiff is unable to determine whether those documents are being withheld and/or redacted based on a privilege or some other reason. For example, numerous Privilege Log entries state there is redaction and/or withholding

8

of "DOBs, Addresses, Telephone Numbers, SSNs, Biographic Data, ASA Notes" based on three different privileges: "Personal Identity Information, Attorney Work Product, Deliberative Process." Ex. B. leaving Plaintiff unable to assess the basis for the redactions or which of the three privileges applies to each redaction. Without the descriptions delineated as required under Fed. R. Civ. P. 26(b)(5), CCSAO cannot support its privilege assertions and Plaintiff is unable to assess the propriety of its assertions, particularly where documents are wholly withheld.

**III.     Work Product Privilege Does Not Apply**

CCSAO has withheld or redacted nearly 400 pages under the attorney work product privilege. The "work product privilege is unavailable when a prosecutor in a prior criminal investigation later objects to discovery by a litigant in a subsequent and related civil lawsuit." *Hill v. City of Chicago*, No. 13 C 48472015 WL 12844948, * 2 (N.D. Ill. May 28, 2015); *Cook v. City of Chicago*, No. 06 C 5930, 2010 WL 331737, at * 1 (N.D. Ill. Jan. 26, 2010) ("a non-party may not assert the work product doctrine to protect its files or documents"); *Hernandez v. Longini*, No. 96 C 6203, 1997 WL 754041 at * 2 (N.D. Ill Nov. 13, 1997) ("Courts have expressly found the privilege unavailable when a prosecutor in a prior criminal investigation later objects to discovery of her work product by a litigant in a related civil lawsuit—exactly the situation confronting the Court in this case."); *Williams v. City of Chicago*, No. 22 CV 3773, 2023 WL 6213716 (N.D. Ill. Sept. 25, 2023) (in a reversed-conviction case the court found that CCSAO, which had prosecuted the underlying criminal case, could not invoke the work product privilege "'because CCSAO is not an adversarial party in this case and the criminal matter has long since resolved, [and as a result], the purposes of work product protection ... are not of significant concern.'"); *see also, e.g., Saunders v. City of Chicago*, 2015 U.S. Dist. LEXIS 105571 at * 14 (N.D. Ill. Aug. 12, 2015); *Patrick v. City of Chicago*, 111 F. Supp. 3d 909, 917 (N.D. Ill. 2015);  *Davis v. Camel Clay Schools*, 282 F.R.D. 201, 205 (S.D. Ind. 2012); *Glass v. Village of Maywood*, No. 22 CV 164, 2023 U.S. Dist. LEXIS 179074,

9

at * 6 (N.D. Ill. Oct. 4, 2023); *Walls v. Vaselli*, No. 19 C 06468, 2022 WL 1004248, * 1 (N.D. Ill. Apr. 4, 2022).

Where the parties to this litigation seek discovery from the criminal case that is related to this civil lawsuit, CCSAO's untimely assertion of the work-produce privilege fails. CCSAO cannot maintain work product privilege as a non-party. Alternatively, Plaintiff has a substantial need for the records that overcomes any privilege. The Court should, therefore, reject CCSAO's assertion of the work product privilege.

**IV.     Deliberate Process Privilege Burden Has Not Been Met**

"[T]he deliberative process privilege protects communications that are part of the decision-making process of a governmental agency." *United States v. Farley*, 11 F.3d 1385, 1389 (7th Cir. 1993). The privilege "rests on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news, and its object is to enhance the quality of agency decisions by protecting open and frank discussion among those who make them within the Government." *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8-9 (2001) (internal quotation marks and citation omitted). It "covers documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Id.* at 8 (internal quotation marks omitted).

The Seventh Circuit requires "a two-fold showing to support the withholding of [information] based on the deliberative process privilege." *Nat'l Immigrant Justice Ctr. v. U.S. Dep't of Justice*, 953 F.3d 503, 508 (7th Cir. 2020). "First, the [information] must be pre-decisional, meaning that it must be generated *before* the adoption of an agency policy. Second, the [information] in question must [concern] deliberative communications and therefore reflect the give-and-take of the consultative process." *Id.* (internal quotation marks and citations omitted).

CCSAO must first make a *prima facie* showing that the deliberative process privilege applies. *Ferrell v. United States Dep't of Housing and Urban Dev.*, 177 F.R.D. 425, 428 (N.D. Ill. 1998). To satisfy this burden three things must happen: (1) the department head with control over the matter must make a formal claim of privilege, after personal consideration of the issues; (2) the responsible official must demonstrate, typically by affidavit, precise and certain reasons for preserving the confidentiality of the information sought; and (3) the official must specifically identify and describe the protected information. *Id*. If the threshold showing is satisfied, the burden shifts to Defendants to demonstrate a "particularized need" for the documents. *United States v. Farley*, 11 F.3d 1385, 1389 (7th Cir. 1993). "Fulfillment of these steps allows a court to decide whether the materials withheld are 'both predecisional in the sense that it is actually antecedent to the adoption of an agency policy, and deliberative in the sense that it is actually related to the process by which policies are formulated." *Cruz v. Guevara,* No. 23 CV 268, Order, Dkt. 147 at 4 (N.D. Ill. Apr. 10, 2024) (citing *Enviro Tech Int'l Inc. v. U.S. E.P.A.*, 371 F.3d 370, 375 (7th Cir. 2004)). Notably, objective facts, as opposed to opinions and recommendations, generally are not protected by the deliberative process privilege. *See Saunders*, 2015 WL 4765424, at * 10.

A. **CCSAO Failed to Submit a Sworn Declaration**

In the instant case, CCSAO has not satisfied any of the deliberative process privilege requirements. As an initial matter, CCSAO did not submit to either party a sworn declaration setting forth (1) the formal privilege claim from the department head with control over the matter, after personal consideration of the problem; (2) precise and certain reasons for preserving the confidentiality of the documents in question; and (3) a specific identification and description of the documents. Indeed, the Privilege Log does not provide a formal declaration of the privilege by the department head with control over the matter, or an attestation identifying the precise and certain reasons for preserving the confidentiality of the information sought or describe the protected

information. For this reason alone, the Court should order CCSAO to produce all documents purportedly withheld under the deliberative process privilege.

> B. **CCSAO Failed To Establish A *Prima Facie* Case As To Each Assertion of the Deliberative Process Privilege**

CCSAO also fails to establish the *prima facie* case as to every assertion of the deliberative process privilege. CCSAO merely asserts a general privilege of documents described merely as, for example, "ASA Notes" withheld or redacted under "Attorney Work Product, Deliberative Process," leaving Plaintiff with no basis to analyze what is being withheld and whether the privilege is properly invoked. *See U.S. v. Lawless*, 709 F.2d 485, 487 (7th Cir. 1983) (citing *U.S. v. First State Bank*, 691 F.2d 332, 335 (7th Cir. 1982)). Indeed, such "a blanket privilege" is simply "insufficient to establish that documents are privileged…much less to allow the opposing party or the Court to analyze the claim." *BCSM, Inc. v. Walgreen Co.*, 2023 WL 3737724, at * 8. Courts in this district have strictly enforced the *prima facie* case elements in deliberative process privilege disputes. *Cruz v. Guevara*, No. 23 C 4268, Dkt. 147, Order at 12 (N.D. Ill. Apr. 10, 2024) (citing *Myles v. Cook County*, No. 21 CV 3935, 2023 WL 4976212, at *4 (N.D. Ill. Aug. 3, 2023) (finding that non-movant failed to make a *prima facie* case for applicability of the deliberative process privilege where declaration did not set forth the declarant's personal consideration).

As apparent from the face of its Privilege Log, CCSAO has not attempted to meet its burden to show that any of the claimed documents are protected by the deliberate process privilege. That is, merely invoking deliberative process privilege for "ASA Notes" without any further description is insufficient. CCSAO's assertion of deliberative process privilege wholly lacks the information and specificity required to meet the foundational requirements to claim such a privilege. *See Evans v. City of Chicago*, 231 F.R.D. 302 (N.D. Ill. 2005) (finding that governmental agency failed to make a prima facie showing to support deliberative process privilege where it failed to submit an affidavit by a person in control of the documents and with personal knowledge of the reasons for asserting the

12

privilege and there were no precise and certain reasons for assertion of the privilege). Nor has CCSAO not met the requirements imposed by Fed. R. Civ. P. 26(b)(5). Rule 26(b)(5) obligates CCSAO to "describe the nature of the documents…and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim [of privilege]. Fed. R. Civ. P. 26(b)(5). The Privilege Log lacks any information beyond "ASA Notes," "ASA Notes: trial tactics," or "ASA Notes: trial preparation" and fails to provide specific information that describes the redacted and/or withheld documents: specific dates of when the purported "ASA Notes" or emails were drafted, who drafted the notes, the parties privy to the "CCSAO internal email," a basic summary of the withheld information, including, for example, which witnesses the notes addressed. In similar circumstances, courts in this District have required CCSAO to produce records for *in camera* inspection or ordered production of records when it improperly invoked privilege. *See Walls*, 2022 WL 1004248, at * 2. (court required production of some privilege-designated records directly and others for in camera inspection because privilege log failed to "describe the nature of the withheld documents in a manner that will enable the parties to assess the claim"); *see also, Hill*, No. 13 C 4847, 2015 WL 12844948 (N.D. Ill. May 28, 2015); *Ostrowski v. Holem*, No. 02 C 50281, 2002 WL 31956039 (N.D. Ill. Jan. 21, 2002) (finding McHenry County State's Attorney's Office's privilege claims insufficient and required production of files). Accordingly, the Court should order CCSAO to produce all documents purportedly withheld under the deliberative process privilege.

V.  **LEADS Data Must be Produced**

CCSAO also withholds documents described as LEADs Data or Leads Information. LEADS is a statewide computerized system generated and maintained by the Illinois State Police that collects and disseminates criminal records and background check information to designated agencies like the Chicago Police Department and CCSAO. *Martinez v. Guevara, et al.,* No. 23 CV 01741, Dkt. 203, Order at 10 (N.D. Ill. Nov. 15, 2024). CCSAO asserts that all LEADS information be withheld from

13

the Parties pursuant to 20 Ill. Admin. Code 1240.80(d), asserting that the "LEADS data shall not be disseminated to any individual or organization that is not legally authorized to have access to the information." However, "courts in this district have found that the Illinois Administrative Code does not usurp the authority of federal courts to order discovery of LEADS reports." *Id.*; *see also Cruz v. Guevara*, No. 23 C 4268, Dkt. 147, Order at 12 (N.D. Ill. Apr. 10, 2024) (granting motion to compel LEADS reports where CCSAO "never attempt[ed] to explain how [state] statutes, or the state administrative regulations they authorize, limit federal civil discovery of LEADS information.")); *Andersen v. City of Chicago*, No. 16 C 1963, 2019 WL 423144, at * 3 (N.D. Ill. Feb. 4, 2019) (Illinois state statute and regulations "do not govern discoverability of the [LEADS] document . . . in this federal question case."); *Schaeffer*, No. 19 C 7711, 2020 WL 7395217, at * 2. Accordingly, the Court should Order CCSAO to produce the requested LEADS data.

**VII.  Other Redactions**

CCSAO's Privilege Log provides 223 line-items of "personal identity information." CCSAO may redact information, such as social security numbers, consistent with the protective order in this case. The criminal case file contains identifying information for numerous third parties who may have been witnesses to the shooting or may have been considered alternative third-party perpetrators during the investigation. Identifying information for these individuals such as addresses and dates of birth are necessary for locating these individuals in this nearly 40-year-old case. CCSAO's supplemental production did not cure the issue of overly redacted and/or withheld identifying information. Due to the potential relevance of the documents and the potential for such information to lead to information relevant to the parties' cases, the Court should order CCSAO to produce the documents in accordance with the protective orders entered in this case. *See* Dkts. 73, 117, and 149.

**CONCLUSION**

In light of the foregoing, Plaintiffs respectfully request that this Court compel subpoena respondent CCSAO to comply with the subpoena by correcting or otherwise amending its Privilege

14

Log, producing the remaining outstanding records, and producing records over which CCSAO has improperly asserted privilege, and for any other relief this Court deems appropriate.

        Respectfully submitted,

        /s/ ASHLEY COHEN
        Ashley Cohen,
        *One of the attorneys for Plaintiff*

        Bonjean Law Group, PLLC
        303 Van Brunt Street, 1st Fl
        Brooklyn, NY 11231
        718-875-1850
        ashley@bonjeanlaw.com

        Chicago Office:
        Bonjean Law Group, PLLC
        53 W. Jackson Blvd., Ste. 315
        Chicago, Illinois 60604

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury pursuant to 28 U.S.C.A. § 1746 that the foregoing is true and correct, and that on January 17, 2025, I electronically filed the foregoing Motion To Compel Cook County State's Attorney's Office To Produce Unredacted Documents with the Clerk of the Court using the CM/ECF on all Defendants. I also served Third Party Cook County State's Attorney's Office via electronic mail.