IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **REYNALDO MUNOZ,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 1:23-cv-03210 |
| **REYNALDO GUEVARA, JOANN** ) | |
| **HALVORSEN as PERSONAL** ) | Honorable Sharon Johnson Coleman |
| **REPRESENTATIVE of the ESTATE OF** ) | |
| **ERNEST HALVORSEN, EDWIN** ) | Magistrate Judge Young B. Kim |
| **DICKINSON, MICHAEL O'GRADY,** ) | |
| **JEAN MORETH, LEE EPPLEN, UNKNOWN** ) | |
| **OFFICERS OF THE CHICAGO POLICE** ) | |
| **DEPARTMENT and the CITY OF CHICAGO,** ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT GUEVARA'S MOTION TO COMPEL PLAINTIFF'S AMENDED
ANSWERS TO CONTENTION INTERROGATORIES**

Defendant Reynaldo Guevara, by and through his attorneys, moves this Court to compel Plaintiff to provide sufficient answers to Defendant Guevara's contention interrogatories, and in support thereof, states as follows:

**INTRODUCTION**

Plaintiff's complaint, with respect to Detective Guevara, claims that Defendant Guevara and other detectives/officers conspired to frame Plaintiff for the September 8, 1985 murder of Ivan Mena and attempted murder of Bouvier "Bobby" Garcia. Dkt. at 62, ¶¶54-69. Plaintiff further alleges that, as part of this conspiracy, Defendant Guevara unknowingly attempted to get Plaintiff to implicate himself in Mena's murder, improperly influenced Bobby Garcia's false identification of Plaintiff as the shooter and otherwise committed constitutional violations resulting in Plaintiff's claimed false arrest, prosecution, and conviction. *See generally, Id.*

In this case, fact discovery is now closed. Dkt. 128. At the outset of discovery, however, Defendant Guevara issued twelve interrogatories to Plaintiff, most of which are best characterized as "contention interrogatories." Prior to the fact discovery cutoff Defendant Guevara filed a limited motion for an extension of fact discovery in order to preserve his right to compel Plaintiff to provide more responsive and fulsome answers to these interrogatories by March 28, 2025, which this Court granted. Dkt. 177; Dkt. 178. In that motion, Defendant Guevara detailed that after conferring with Plaintiff's counsel, the parties agreed that Plaintiff would amend his previous answers to Guevara's interrogatories by March 14, 2024 as, at that time, Plaintiff was awaiting the transcripts of two recently concluded depositions (those of Plaintiff and his wife). Plaintiff ultimately provided Defendant Guevara with his amended responses to these interrogatories on March 26, 2025. Defendant Guevara's Motion sought more time to review these responses and confer with Plaintiff's side and thus filed a second motion for an extension. Dkt. at 186. This Court granted Defendant Guevara's second motion on March 28, 2025. Dkt. 188. Plaintiff's Third Amended Responses to Defendant Guevara's First Set of Interrogatories (attached hereto as Exhibit 1) are now the subject of the instant motion.

Defendant Guevara's motion simply seeks that Plaintiff 1) state with more specificity the evidence on which he is relying in support of his contentions as stated in certain interrogatories and, 2) answer certain interrogatories themselves without cross-referencing other answers (or to the extent Plaintiff's answers to interrogatories overlap, to at least direct Defendant Guevara to the evidence which differ between his answers). The specific issues Defendant Guevara identifies are summarized below:

> **INTERROGATORY NO. 1:**
> If it is your position that you were not present at the time of the shooting of Ivan Mena and Bouvier "Bobby" Garcia, resulting in the death of Ivan Mena, then please state where you claim to have been at the time and state with specificity every fact and identify every witness on whose testimony you may rely to support your position that you were not present when Ivan Mena and Bouvier "Bobby" Garcia were shot.

2

> **SECOND AMENDED ANSWER (in relevant part) (issues in bold)[1]:**
> …. Subject to and without waiving the foregoing objections, Plaintiff incorporates his prior response to this interrogatory herein. Plaintiff further states he was not present at the time that Ivan Mena was murdered and Bobby Garcia was shot on September 8, 1985. Plaintiff has testified at his trial, during post-conviction proceedings and at his deposition in the instant matter that he was not present at the time of the shooting and was not involved in Mena/Garcia murder.… Plaintiff further contends there is no evidence that suggests he was present for the Mena/Garcia shooting. **Plaintiff intends to rely on his testimony, testimony of his family members, testimony of Hermino Molina, Certificate of Innocence, Circuit Court of Cook County Judge Atcherson's ruling from February 22, 2022 granting Munoz a new trial (Munoz4052-4107)**, Fifth Amendment invocations by Defendants Guevara and Halvorsen (See: **Guevara's deposition**, **Halvorsen deposition in Serrano MUNOZ6032-6201**; also see CCSAO1442) and any other discovery that is responsive to this request at trial. Plaintiff reserves the right to amend this interrogatory.

(Exhibit A pp. 3-4). Guevara's interrogatory is simple: if you claim you were not present at the shooting of Ivan Mena, where were you and what evidence supports that contention? However, Plaintiff's response refers to the entire depositions of Plaintiff, Guevara and Halvorsen, Plaintiff's full trial and post-conviction testimony, and the full testimony his family members, and Hermino Molina, with no pages or lines demarcating which of such testimony supports his answer. In addition, Plaintiff incorporates this entire interrogatory response into his responses to Interrogatory Nos. 2 and 9 and, in doing so, relies on the identical universe of evidence from Interrogatory No. 1 to support his contentions therein, shown below.

> **INTERROGATORY NO. 2:**
> Do you contend that any person other than Plaintiff had any involvement in the shooting of Ivan Mena and Bouvier "Bobby" Garcia on September 8, 1985 or committed any other illegal action relating to the September 8, 1985 incident in Plaintiff's Complaint? If so, please identify each such person, and for each such person identified, please describe each alleged illegal action that you contend was committed by this person(s), the time period during which you held this belief, an explanation of why your belief changed, if it changed, and provide the complete factual basis for your contention. Please be advised that Defendant is relying on the response to this Interrogatory to provide a full and complete exposition of the matters to be introduced at trial

---

[1] Plaintiff's March 26, 2025 responses to Defendant Guevara's interrogatories are titled as "Third Amended Responses…", though the latest answers therein are written as "Second Amended Answers."

3

>**SECOND AMENDED ANSWER (in relevant part) (issues in bold):**
>…. Subject to and without waiving the foregoing objections, **Plaintiff incorporates his prior response to this interrogatory and interrogatory number 1 herein**. Plaintiff further states it is his contention that he was not present at the time that Ivan Mena was murdered and Bobby Garcia was shot on September 8, 1985 and does not have personal knowledge regarding who was responsible for the shooting of Mena and Garcia. Plaintiff's reserves the right to amend this interrogatory.
>
>**INTERROGATORY NO. 9:** Describe in detail with specific references to time, your movements and exact whereabouts between 9:00 a.m. on September 7, 1985 to 12:00 p.m. on September 9, 1985. In so doing, identify each and every person you spoke to or otherwise interacted with during such period of time (including persons with whom you were with at the time of your arrest), any addresses, businesses, or agencies at which you were present at any time during said period, the means or method by which you traveled during said period of time (vehicle, bus, elevated train, etc.), whether you were working during the above listed dates and times, including where and with whom you were working and what job you were performing for what pay, and your general activities during the above-listed time period.
>
>**SECOND AMENDED ANSWER (in relevant part) (issues in bold):**
>Subject to and without waiving the foregoing objections, **Plaintiff refers Defendant Guevara to his response to interrogatory numbers 1 and 2 in their entirety** as well as **Plaintiff's deposition testimony, trial testimony, and post-conviction hearing testimony**. Plaintiff further refers Defendants to the sworn testimony of his family members.

*Id.* at pp. 4-6, 14-15. Plaintiff does not the question, does not specify which portions of the supporting evidence he intends to rely on for such contention, nor delineate which evidence applies to which Interrogatory. In addition, to the extent Plaintiff intends to rely on his family members' testimony, he has not identified each family member he intends to rely on nor specified the portions of their respective testimonies upon which he bases his contention(s).

>**INTERROGATORY NO. 3:**
>Describe in detail (and without resort to legal conclusions or reference to your Complaint) each and every piece of evidence that you allege was fabricated by Defendant Officer Reynaldo Guevara upon which you base any claims in the above-entitled matter.
>
>**SECOND AMENDED ANSWER (in relevant part) (issues in bold):**
>… Subject to and without waiving the foregoing objections, Plaintiff incorporates his responses set forth in his previous answer to this interrogatory as well as the allegations contained in his complaint which set forth allegations against Defendant Guevara in detail, including his involvement in misconduct during the investigation, and his participation in a conspiracy with the other defendants, and possible others, to frame

4

> Plaintiff for a crime he didn't commit. Answering further, Plaintiff contends the following evidence discovered thus far in this litigation forms the basis of the claims alleged against Defendant Guevara and refers Defendant Guevara to his objections and responses to all Defendants' responses to interrogatories. Specifically, the Mena/Garcia shooting occurred on September 8, 1985 around 4 AM when Plaintiff was at his home **(See. Prior trial, hearing and deposition testimony of Plaintiff, Ilalus and Teofilo Munoz; MUNOZ 4370-4420).** … Once the Detectives working the case were unable to identify a likely offender, Defendants Halvorsen and Dickinson told Defendant Guevara that the nickname "Scooby" was mentioned in connection with the Mena homicide and enlisted Defendant Guevara's assistance to close the case against Scooby. (See. **Guevara's deposition**, Halvorsen deposition in Serrano MUNOZ 6117-6121)….

*Id.* at pp. 6-7. Defendant Guevara identifies several of the same deficiencies in this paragraph of Plaintiff's response to Interrogatory No. 3 to those addressed above. In addition, Munoz 4370-4420 refers to the trial testimony of his mother, father, and Plaintiff in-gross, from Plaintiff's criminal trial in November of 1986, with no indication of which pages/lines are responsive to Defendant Guevara's specific request.

> **SECOND AMENDED ANSWER (Continued from Interrogatory No. 3):**
> Between September 11, 1985 and September 26, 1985, Defendant Guevara with the assistance of Defendants Halvorsen and Dickinson, worked to fabricate, coerce, and induce false evidence against Plaintiff to frame him for the Mena homicide. The Defendants intentionally failed to memorialize any and all investigative conduct between September 11, 1985 and September 26, 1985 related to the Mena/Garcia investigation so no paper trail existed to exculpate Munoz as the offender. Defendant Guevara, working in concert with Defendants Dickinson and Halvorsen, concealed all conversations with potential offenders, suspects and witnesses, any and all negative identifications of Plaintiff and all exculpatory evidence proving Plaintiff was not responsible for the Garcia/Mena shooting. (RFC-Munoz 172 – 174; Dickinson dep at pg. 100 – 101, 110; **Guevara deposition**; Halvorsen dep in Serrano MUNOZ6117-6121)
>
> As an example, on or around September 11, 1985, Defendant Guevara picked up Plaintiff in an attempt to get him to make inculpatory statements that could later be used against him. As was his practice, Defendant Guevara unlawfully detained Plaintiff without probable cause, drove him to rival gang territory and threatened to drop him off if he did not provide information that Defendant Guevara wanted to hear. (See: Guevara deposition, MUNOZ 561 – 563, **Munoz deposition(s) and PC hearing testimony; Testimony of David Valazquez (MUNOZ 8061-8140)**). Defendant Guevara physically abused Plaintiff during this detention and told him that if he did not tell Guevara what he needed to know, he would let the rival gang members kill him. (*Id.*) Defendant Guevara concealed this encounter with Plaintiff from the Cook County State's Attorney and criminal justice system and purposely failed to

5

memorialize this interaction. (See **Guevara deposition**) During this same incident, Defendant Guevara attempted to frame two other individuals named Snake and G-Man as well. Defendant Guevara ultimately succeeded in his efforts to frame G-Man for a murder in the Griggs case. (**RFC-Munoz 3741 – 4073**; **Munoz deposition**)…

Between September 11, 1985 and September 26, 1985, Defendant Guevara, with the assistance of Defendants Halvorsen and Dickinson, conspired to frame Plaintiff for the Mena homicide and worked to secure Plaintiff's wrongful conviction through improper, police tactics. As was his practice, Defendant Guevara influenced, manipulated and coerced Bobby Garcia into falsely identifying Plaintiff as the shooter in the Mena/Garcia shooting. Defendant Guevara knew that he could induce Garcia into falsely identifying Plaintiff as the offender through unduly suggestive identification procedures, threats, and coercion. Garcia, who was mourning the loss of his friend and a victim to the shooting himself, knew that if he did not tell Guevara that Plaintiff was the shooter, Guevara would come after him and attempt to frame him for something he did not do. Despite knowing that Plaintiff was not the shooter and affirmatively telling several CPD officers and Defendants that he did not see the shooter and that Plaintiff was not responsible for the shooting, Garcia eventually succumbed to Defendant Guevara's pressure and coercion and falsely implicated Plaintiff. (See: Munoz 4337-4338, RFC-Munoz 429, 423, 430-439; RFC-MUNOZ 184, **Guevara deposition**, Halvorsen deposition in Serrano MUNOZ 6117-6121, p**rior sworn statements and testimony of Sam Perez, Daniel Rodriguez, George Laureano, David Valasquez, Francisco Vicente, Armando Serrano, William Dorsch, Carl Richmond)**

*Id.* at pp. 7-8. These paragraphs again improperly rely on the full deposition transcripts of Defendant Guevara and Plaintiff. In addition, Plaintiff points to prior sworn statements – plural – and testimony (not even limited to depositions) of eight other individuals who are known to the parties as Plaintiff's 404(b) witnesses in this case who are also named and/or have testified in several other older and active cases involving Defendant Guevara.[2] Accordingly, Defendant Guevara cannot possibly ascertain

---

[2] For example, Defendant Guevara knows that Sam Perez has testified in at least the following cases: *Rivera v. Guevara, et al.,* No. 12 cv 4428, *Johnson v. Guevara, et al.,* No. 05 C 1042, *People v. Reyes and Solache,* Nos. 98 CR 12440-02 and 98 CR 12440-03; *Peoplo v. Amodovar and Negron,* No. 94 CR 23418 and is disclosed as a 404(b) witness in other active cases with claims against Defendant Guevara (*Lugo v. Guevara, et al.,* No. 23 cv 1738 and *Flores v. Guevara, et al.,* No. 23 cv 1736).

6

which sworn statements nor which depositions of which witnesses, and from what cases those come from that Plaintiff intends to rely on in support of his answer to Interrogatory No. 3 versus his other responses which rely on this answer.

In addition, in the second of the three paragraphs above from Plaintiff's response to Interrogatory No. 3, Plaintiff cites to the City's document production (RFC-Munoz 3741 – 4073). Notwithstanding the fact that this bates range spans 332 pages, it also includes the full deposition of another individual in a separate civil lawsuit filed against Defendant Guevara, 126 pages of CPD policy documents from the 1980's and two records pertaining to Police Officer Bernard Kelly. This is improper for similar reasons.

**SECOND AMENDED ANSWER (Continued from Interrogatory No. 3):**

> … On September 26, 2025, Plaintiff was arrested by Defendant Halvorsen and several officers and taken to Grand and Central where he was placed in an interview room and took a polaroid photo of Plaintiff that could be used to assist in framing Plaintiff. (See: **Munoz deposition**). Defendants Halvorsen, Dickinson and Guevara used that polaroid to try to frame Plaintiff in the Croff murder and also brought Plaintiff to Belmont and Western for a line-up in an attempt to frame him for the Griggs homicide as well. (See: **Munoz deposition, Griggs file**) Despite unsuccessful attempts to frame Plaintiff for both the Croff and Griggs homicides, the Defendants concealed the fact that they attempted to frame Plaintiff for those other two homicides and concealed any and all report related to both the Croff and Griggs files from Plaintiff, his attorney and the CCSAO. The Defendant Officers knew the gun in the Croff murder was the same gun used in the Mena homicide but intentionally withheld the Fox report where Fox said he knew Plaintiff from the neighborhood but Plaintiff was not responsible for the Fox shooting. The Defendants also concealed the entirety of the Croff homicide file from Plaintiff, his attorney and the criminal justice system because they knew if Plaintiff's attorney received that report it would exonerate Plaintiff. (See: **RFC-Munoz 1-169**, 465, CCSAO 1241-1243, RFC-Munoz 10, Dickinson Dep at 183 – 190, **Halvorsen dep in Serrano, Guevara deposition**, CCSAO 2050).

*Id.* at pp. 8-9. Defendant Guevara is likewise troubled with Plaintiff's citation to three, full investigative files which span three separate homicide investigations (the Griggs file, and RFC-Munoz 1-169, which contain both the Roy Croff and Ivan Mena homicide investigation files). To the extent Plaintiff seeks to rely on these separate investigations in support of his stated contentions, it is impossible to discern

7

what evidence within these files he is specifically relying on for each of his specific contentions, let alone which answers that incorporate this response will rely on this evidence at all.

> **INTERROGATORY NO. 4:**
> Describe in detail (and without resort to legal conclusions or reference to your Complaint) each and every piece of evidence or information that you allege Defendant Officer Reynaldo Guevara withheld upon which you base any claims in the above-entitled matter.
>
> **SECOND AMENDED ANSWER (in relevant part) (issues in bold):**
> … Subject to and without waiving the foregoing objections, **Plaintiff incorporates the entirety of his objections and responses to interrogatory no. 3 herein**. Plaintiff's investigation continues and he reserves the right to amend this interrogatory as discovery becomes available.

*Id.* at pp. 9-10. Plaintiff's answer to this interrogatory is based in-full on his response to Interrogatory No. 3, but no effort is made to distinguish the identical universe of evidence he points to in his response to Interrogatory No. 3 in support of his contention in Interrogatory No. 4. Therefore, it is deficient. Plaintiff's remaining interrogatory responses on which Defendant Guevara seeks clarification from Plaintiff are deficient for this improper incorporation as well, each of which is shown below:

> **INTERROGATORY NO. 5:**
> Please state with specificity every activity, action, or task that you believe Defendant Officer Reynaldo Guevara took during the Mena Murder and Garcia Attempted Murder Investigation that led to your arrest, prosecution, and conviction. For every activity, action, or task please describe the activity, action, or task that he took, the person who assigned him to the activity, action or task, the person(s) who were present during the activity, action, or task, and whether notes and/or a report was drafted of this activity, action, or task. Please be advised that Defendant is relying on the response to this Interrogatory to provide a full and complete exposition of the matters to be introduced at trial relating to the subject matter herein and intends to move *in limine* to bar any matters not specifically disclosed herein.
>
> **AMENDED ANSWER (in relevant part) (issues in bold): Plaintiff incorporates his objections and responses set forth in interrogatories 3 herein in their entirety.** Plaintiff reserves the right to amend this interrogatory as discovery becomes available.
>
> **INTERROGATORY NO. 6:**
> Do you contend that any of the Identification Procedures used during the Mena Murder and Garcia Attempted Murder Investigation and administered by or involving

8

Defendant Officer Reynaldo Guevara were unduly suggestive? If so, please describe each and every Identification Procedure(s) you claim were unduly suggestive, whether you claim the suggestiveness was in the nature of the Identification Procedure(s) itself or the application of the Identification Procedure(s) and provide the complete factual basis for such contentions, and identify all witnesses or physical, documentary, or testimony evidence that supports your contention. Please be advised that Defendant is relying on the response to this Interrogatory to provide a full and complete exposition of the matters to be introduced at trial relating to the subject matter herein and intends to move *in limine* to bar any matters not specifically disclosed herein.

**SECOND AMENDED ANSWER (in relevant part) (issues in bold):**
… Subject to and without waiving the foregoing objections, **Plaintiff refers Defendant Guevara to his response to interrogatory numbers 1-4 and 7 as well as the breadth of evidence developed in this case and others related to Defendant Guevara's pattern and practice of using unduly suggestive identification procedures.** Plaintiff objects to having to identify all 50 plus instances where Defendant Guevara used unduly suggestive identification procedures to frame an innocent man for a crime he didn't commit. Plaintiff refers defendant Guevara to all 404(b) witness testimony produced in this case as well as other bad act evidence that was produced in this case during discovery. Plaintiff contends that Defendant Guevara used unduly suggestive identification procedures to coerce Garcia into identifying Plaintiff as the shooter even though Garcia knew Plaintiff was not the offender. Plaintiff refers Defendant Guevara to his testimony where he invokes the fifth amendment about his unduly suggestive line-up procedures conducted in this case and others. Plaintiff intends to rely on his expert disclosures in response to this question as well and reserves the right to amend this response once expert discovery is complete.

**INTERROGATORY NO. 7:**
Is it your contention that Bouvier "Bobby" Garcia did not observe the person(s) who shot him and Ivan Mena on September 8, 1985? If so, please provide the complete factual basis for your contentions and identify all witnesses or physical, documentary, or testimony evidence that supports your contention. Please be advised that Defendant is relying on the response to this Interrogatory to provide a full and complete exposition of the matters to be introduced at trial relating to the subject matter herein and intends to move *in limine* to bar any matters not specifically disclosed herein.

**SECOND AMENDED ANSWER (in relevant part) (issues in bold):**
… Subject to and without waiving the foregoing objections, **Plaintiff incorporates his objections and responses in their entirety to interrogatories numbers 1 – 6 herein,** including his prior response to this interrogatory. Plaintiffs investigation continues and he reserves the right to amend this interrogatory.

**INTERROGATORY NO. 8:**
Is it your contention that Defendant Officer Reynaldo Guevara violated any Chicago Police Department rules or regulations, special or general orders that were in effect at the time he administered or was involved in conducting any Identification Procedure(s) during the Mena Murder and Garcia Attempted Murder Investigation? If so, please identify which Chicago Police rules or regulations, special or general order(s) you

9

contend were violated by Defendant Officer Reynaldo Guevara, and provide a full and complete explanation of how he violated such Chicago Police Department rules or regulations or general or special orders or any other generally accepted police procedures. Please be advised that Defendant is relying on the response to this Interrogatory to provide a full and complete exposition of the matters to be introduced at trial.

**SECOND AMENDED ANSWER (in relevant part) (issues in bold):**
… Subject to and without waiving the foregoing objections, **the conduct identified in Plaintiff's responses to interrogatory, particularly number 3** which include kidnapping, assault, unlawful detention, withholding, concealing and fabricated evidence, framing innocent boys and men for crimes they did not commit, Plaintiff presumes are all violations of CPD rules and regulations and the law. Plaintiff incorporates his response and objections to interrogatory number 3 herein in its entirety.

**INTERROGATORY NO. 11:**
Identify every action taken by Defendant Reynaldo Guevara during the Mena Murder and Garcia Attempted Murder Investigation which you contend for the purposes of this lawsuit is a basis for your claim of injury, and for each identify: (a) the date of the occurrence; (b) the nature of the occurrence: (c) any witnesses to the occurrence; and (d) all documents referring, reflecting or otherwise relating to the occurrence.

**ANSWER (in relevant part) (issues in bold):**
**Plaintiff incorporates his objections and responses set forth in his response to interrogatories 1-7.**

*Id.* at pp. 10-14, 16.

## RULE 37.2 COMPLIANCE

After Plaintiff issued his amended responses to Defendant Guevara, the parties conferred on April 1, 2025 and April 2, 2025 to discuss Defendant Guevara's concerns with the sufficiency of Plaintiff's responses. Plaintiff's counsel has expressed a general willingness to at least limit Plaintiff's reliance on certain testimony by utilizing specific page/line citations. Plaintiff's counsel has also voiced objections to continuing to amend these responses insofar as Plaintiff still intends to rely on the deposition testimony of Hermino Molina (the parties are attempting to conduct this as swiftly as possible but are also accommodating Mr. Molina's stated health concerns) as evidence in support of his contention(s) and to rely on expert discovery as well which will necessitate Plaintiff to amend these responses again at a later date. Plaintiff's counsel has also objected to the form of certain

interrogatories issued by Defendant Guevara insofar as they call for complex answers by seeking evidence supporting a contention "upon which [Plaintiff] bases any claims in the above captioned matter." For example, Plaintiff's counsel has indicated that, with respect to Interrogatory No. 3, the evidence Plaintiff contends Defendant Guevara fabricated (and corresponding evidentiary basis for this fabrication) can relate to *inter alia* 1) Plaintiff's fabrication claim, 2) Plaintiff's concealment claim, and/or 3) Plaintiff's conspiracy claims upon which the former two claims may be based.

## ARGUMENT

Federal Rule of Civil Procedure 37 permits a party to "move for an order compelling an answer" where "a party fails to answer an interrogatory submitted under Rule 33" or a party's answer is evasive and/or incomplete. Fed. R. Civ. P. 37 (a)(3)(B)(iii), (a)(4).

### I. Plaintiff's Second Amended Answers Remain Deficient Under Established Law

The fundamental purpose of contention interrogatories is "to require a party to commit to a position and to give support for that position." *Flores v. Guevara*, 2024 WL 4203080, at *2 (N.D. Ill. Sept. 16, 2024) (collecting cases); *Bouto v. Guevara*, 2020 WL 4437669, at *2 (N.D. Ill. Aug. 3, 2020) ("The entire purpose of interrogatories is to get opposing parties to identify a specific subset of evidentiary support for their claims and defenses.") Furthermore, Defendants are "entitled to discover the factual basis for [plaintiff's] claims through the use of interrogatories, without being referred to ... deposition testimony [or] other discovery materials." *Kinon Surface Design v. Hyatt International Corp.*, 2022 WL 787956, at *4 (N.D. Ill. Mar. 15, 2022) (citing *Beijing Choice Elec. Tech. Co. v. Contec Med. Sys. USA Inc.*, 2020 WL 1701861, at *6 (N.D. Ill. Apr. 8, 2020)). Above all, because "[a]n interrogatory response generally should be complete in and of itself and stand on its own," the response should not through such references "'make it impracticable to determine whether an adequate answer has been given without [a] cross-checking comparison of answers.'" *Beijing Choice*, 2020 WL 1701861, at *6 (N.D. Ill. Apr. 8, 2020) (quoting *Ropak Corp. v. Plastican, Inc.*, 2006 WL 1005406, at *4 (N.D. Ill. Apr.

11

17, 2006)). Finally, "[i]t is certainly improper to answer an interrogatory by reference to an entire deposition, without any citation to specific pages." *Kinon Surface Design*, 2022 WL 787956, at *4; (citing *Alight Solutions v. Thomas*, 2021 WL 5038775, at *4, (N.D. Ill. Oct. 29, 2021)); *Apollo v. Stasinopoulos*, 2022 WL 1092227, at *2 (N.D. Ill. Apr. 12, 2022).

In the context of this established law, Plaintiff's answers are deficient for the reasons detailed above. To delineate between Plaintiff's answers to Defendant Guevara's contention interrogatories at this time necessitates doing the work of Plaintiff's side: Defendant Guevara will have to review each interrogatory answer, identify which answers each interrogatory relies on, identify the contentions in those referenced answers which appear responsive to the initial interrogatory answer, speculate on which evidence Plaintiff intends to rely for that apparently responsive contention, and then hope that Plaintiff, who has incorporated the whole of these answers into one another, does not rely on different evidence from the referenced answer(s) than that which Defendant Guevara guesses to be responsive. This cross-referencing, combined with Plaintiff's references to the full transcripts of several depositions and other testimonies, and references to swaths of document production in-gross as evidence in support of his contentions in his answers to Defendant Guevara's interrogatories frustrates the entire purpose of issuing interrogatories at all. *See, Bouto,* 2020 WL 4437669, at *2 ("The entire purpose of interrogatories is to get opposing parties to identify a specific subset of evidentiary support for their claims and defenses.").

## II. Plaintiff's Stated Objections to Defendant Guevara's Concerns Are Inapposite

Plaintiff's counsel's objections to Defendant Guevara's concerns with Plaintiff's latest interrogatory responses (summarized above) simply do not avoid the necessity of addressing the issues raised in this motion. On the one hand, Plaintiff's argument based on future amendments neglects Plaintiff's Rule 26(c) obligations. Dkt. at 177 (declining to comment on the timing of Plaintiff's anticipated amended responses because "[e]ven without motion practice and a court order, Plaintiff

had an obligation under Rule 26(c) to timely amend his answers if they were not complete…."; *see also*, *Cruz v. Guevara*, 2024 WL 5442747, at *5 (N.D. Ill. Nov. 22, 2024) (opining that the plaintiff's admission "that he seeks to defer more complete contention responses … until after expert discovery… fairly may be read as a concession that the responses are considerably short of where they should be.") On the other hand, Plaintiff's objection to the form of Defendant Guevara's interrogatories is best addressed by Plaintiff clarifying his answers. There is nothing improper about asking a party to state a contention and to state all facts or evidence upon which it bases that contention. *Flores,* 2024 WL 4203080, at *2 (citing *Gregg v. Local 305 IBEW*, 2009 WL 1325103, at *6 (N.D. Ind. May 13, 2009)).

Finally, with respect to the three, full homicide investigation files Plaintiff intends to rely on in support of certain contentions stated in Interrogatory No. 3, Plaintiff's counsel has specifically responded to Defendant Guevara's objections that to prove some of his claims he will need to rely on this universe of evidence to create circumstantial inferences to evidence the different misconduct about which he complains. However, Plaintiff makes no effort to distinguish between which evidence in these files he intends to rely on in support of his contentions which differ between interrogatory responses (he also does not delineate which evidence is circumstantial in nature). This argument simply does not hold up to established law. *See, Ropak Corp.*, 2006 WL 1005406, at *4 (referring to other documents in interrogatory answers is especially improper where such references "make it impracticable to determine whether an adequate answer has been given without a cross-checking comparison of answers."); *Flores*, 2024 WL 4203080, at *3 ("If the evidence is circumstantial, he should say that and list that evidence. Afterall, circumstantial evidence can be as compelling as direct evidence.") For these reasons, Plaintiff's objections are insufficient and misplaced relative to Defendant Guevara's bases for bringing this motion.

## CONCLUSION

13

WHEREFORE, for the reasons stated above, Defendant Guevara requests this Court to compel Plaintiff to amend his responses to Defendant Guevara's interrogatories in the following manner:

- **Interrogatory No. 1:** Specify what pages/lines of testimony from the following testimony and bates ranges from the following documents on which Plaintiff relies for his response this interrogatory: Plaintiff's testimony, testimony of his family members, testimony of Hermino Molina, Certificate of Innocence, Judge Atcherson's ruling from February 22, 2022 granting Munoz a new trial, Guevara's deposition, and Halvorsen deposition in Serrano;
- **Interrogatory No. 2:** Clarify with the same specificity what evidence Plaintiff intends to rely on from his response to Interrogatory to No. 1 in support of his response to Interrogatory No. 2;
- **Interrogatory No. 9:** Clarify with the same specificity what evidence Plaintiff intends to rely on from his response to Interrogatory to Nos. 1 and 2 in support of his response to Interrogatory No. 9 and specify the pages/lines he intends to rely on from Plaintiff's deposition, testimony, and post-conviction hearing testimony in support of the Interrogatory No. 9.
- **Interrogatory No. 3:** Specify what pages/lines of testimony from the following transcripts, and bates ranges from the following documents on which Plaintiff relies for his response this interrogatory: Prior trial, hearing and deposition testimony of Plaintiff, Ilalus and Teofilo Munoz; Guevara's deposition (each mention); Testimony of David Valazquez; RFC-Munoz 3741 – 4073; prior sworn statements and testimony of Sam Perez, Daniel Rodriguez, George Laureano, David Valasquez, Francisco Vicente, Armando Serrano, William Dorsch, Carl Richmond (as well as identifying the precise transcript for each of these); the Griggs file; the Mena and Croff homicide investigation files; Halvorsen dep in Serrano (where not specified)
- **Interrogatory Nos. 4 and 5:** Clarify with the same specificity what evidence Plaintiff intends to rely on from his response to Interrogatory to No. 3 in support of his response to Interrogatory Nos. 4 and 5;
- **Interrogatory No. 6:** Clarify with the same specificity what evidence Plaintiff intends to rely on from his responses to Interrogatory to Nos. 1-4 and 7 in support of his response to Interrogatory No. 6;
- **Interrogatory No. 7:** Clarify with the same specificity what evidence Plaintiff intends to rely on from his responses to Interrogatory to Nos. 1-6 in support of his response to Interrogatory No. 7;
- **Interrogatory No. 8:** Clarify which interrogatories and with the same specificity what evidence Plaintiff intends to rely on from his other responses to the same (particularly No. 3) in support of his response to Interrogatory No. 8; and
- **Interrogatory No. 11:** Clarify with the same specificity what evidence Plaintiff intends to rely on from his responses to Interrogatory to Nos. 1-7 in support of his response to support his response in Interrogatory No. 11.

Respectfully Submitted,

/s/ DREW WYCOFF
*One of the attorneys for Defendant Guevara*

**Borkan & Scahill, Ltd.**

14

Two First National Plaza
20 S. Clark Street, Suite 1700
Chicago, Illinois 60603
P: (312) 580-1030
F: (312) 263-0128