IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **REYNALDO MUNOZ,** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **REYNALDO GUEVARA,** *et al.,* ) <br> ) <br> Defendants. ) | No. 23 CV 03210 <br><br> Judge Sharon Johnson Coleman <br><br> Magistrate Judge Young B. Kim |

## *UNOPPOSED* MOTION TO EXTEND AND ALIGN EXPERT DISCOVERY SCHEDULE

Plaintiff Reynaldo Munoz, by and through his attorneys, respectfully request that the Court, pursuant to Federal Rule 16 and all applicable Local Rules of this Court, extend the expert schedule for the individual defendant claims to align with the expert schedule to be set for the *Monell* claims in this case where Plaintiff only deposed a material witness on April 28, at least one of Plaintiff's experts is both a *Monell* and Individual liability expert, and Plaintiff's counsel has been engaged in two back-to-back trials making it impossible to meet this Court's expert deadline. In the alternative, Plaintiff asks for an extension of time until at least September 1, 2025, to disclose his defendant liability expert reports. In support, Plaintiff states as follows:

1. This case arises out of Plaintiff's wrongful conviction for a 1985 murder and attempted murder. After spending 30 years in prison for a crime he did not commit, Plaintiff was exonerated. Plaintiff has brought this instant lawsuit against Defendant Officers and Defendant City of Chicago seeking accountability for the unconstitutional conduct committed against him which caused him to unjustly lose 30 years of his liberty and freedom.

2.     In this case, the *Monell* claims brought against the City of Chicago have not been bifurcated. On November 25, 2024, Judge Coleman denied Defendant City of Chicago's motion to bifurcate the *Monell* claim. [Dkt. 145]

3.     On October 21, 2024, this Court set a fact discovery deadline of February 28, 2025. [Dkt. 132].

4.     The parties worked incredibly diligently to complete fact discovery in this case by February 28, 2025. Unfortunately, due to circumstances outside of the parties' control, there were important portions of discovery that were conducted closer to the eve of fact discovery or after the close of fact discovery.

5.     Specifically, part two of Plaintiff's deposition and Plaintiff's wife Wanda Gonzalez's deposition were taken on February 20, 2025. Material witness Hermino Molina's deposition was taken on April 28, 2025. Additionally, on April 7, 2025, this Court granted in part and denied in part the parties' motions to compel the CCSAO and ordered the CCSAO to tender unredacted and/or withheld documents from their file by April 22. [Dkt. 192] On April 23, the CCSAO belatedly produced 432 pages of unredacted documents.

6.     Given the belated depositions of Plaintiff and his wife, and the outstanding deposition of Mr. Molina, undersigned counsel sought additional time to amend his responses to contention interrogatories until March 26, 2025.[1]

7.     Between the close of fact discovery on March 26, 2025, undersigned counsel worked tirelessly to provide more specific responses to Defendant Guevara's contention

---

[1] As Plaintiff contends in his opposition to Defendant Guevara's motion to compel, Plaintiff believes that Defendant Guevara's Motion to Compel was premature and unnecessarily forced Plaintiff to expend time amending responses to contention interrogatories that will again need to be amended after the close of expert discovery. [Dkt. 199].

interrogatories.[2] Still, Defendant Guevara sought more and filed a motion to compel against Plaintiff who in turn had to expend time and resources responding to before April 25, 2025. [Dkt. 189, 199] This was particularly burdensome where lead counsel, Jennifer Bonjean, who had been present for nearly all depositions in this case began preparing for two criminal trials set to begin in April and May.[3] As such, undersigned counsel, had to re-review and read the voluminous discovery record in this case to adequately respond to the contention interrogatories and ultimately file an opposition to Defendant Guevara's motion to compel.

8. On April 28, 2025, the deposition of Hermino Molina took place, and the parties filed a joint stipulation voluntarily dismissing Defendant O'Grady from this litigation. [Dkt. 200]

9. Presently, Plaintiff is scheduled to serve his Rule 26(a)(2) reports on Defendants by May 9, 2025 [Dkt. 191] while Plaintiff's *Monell* discovery remains open and ongoing, with preliminary discovery extending at least through August 12, 2025. [Dkt. 185]

10. While Plaintiff's counsel greatly appreciates this Courts desire to move expert discovery on Plaintiff's claims against the defendant officers along, the schedule set presently would require Plaintiff's counsel to expend double resources and time to comply with for the various reasons set forth below. Additionally, given lead counsel's demanding trial schedule, respectfully Plaintiff simply cannot meet this Court's previously scheduled deadline.

11. First, Plaintiff only received Mr. Molina's deposition transcript today, May 7, 2025. Mr. Molina is a material witness that Plaintiff's experts will rely on in rendering their

---

[2] Plaintiff does not concede that his initial responses were not complete, but Defendant Guevara sought more details which Plaintiff provided per Defendants request following numerous meet and confers.

[3] On April 15, 2025, Ms. Bonjean began jury selection in the matter of *People v. Harvey Weinstein*, Ind. No. IND-74118-24/001 and on May 5, 2025, she began jury selection in the matter of *USA v. Cherwitz, et. al.,* 23-CR-146, a criminal matter pending in the Eastern District of New York scheduled to last four to six weeks.

opinions. Given the late nature of this deposition, Plaintiff's expert cannot be expected to read, review and incorporate aspects of his deposition in their reports within two days.

12. Second, one of Plaintiff's retained experts, Thomas J. Tiderington, has been retained by Plaintiff to provide expert opinions on both the individual officer claims and Defendant City's liability under *Monell*. In order to prepare his report, Mr. Tiderington will have to review the entire discovery file in this case as it relates to Individual Defendant liability, which was not complete until today, May 7, and it will also require his review of the entire *Monell* discovery file which is ongoing and still being developed.

13. As all counsel is aware from similar litigation in the past, Plaintiff's counsel has produced a single comprehensive report authored by Mr. Tiderington covering all his opinions on all topics. This saves tremendous amounts of time, resources and expense for Plaintiff and all parties. The current expert schedule, however, will require Plaintiff to devote substantial and duplicative resources with Mr. Tiderington to produce two reports – one on the individual claims and another on the *Monell* claims. Additionally, the current separated expert schedule allows defendants to depose Mr. Tiderington twice, once following his individual claims report and again following his *Monell* claims report.

14. Third, as mentioned, Plaintiff's lead counsel is presently engaged in a criminal trial scheduled to last four to six weeks in the Eastern District of New York. Given her historical knowledge of the case and her status as lead counsel, Ms. Bonjean requires additional time to comply with Fed. R. Civ. Pro. 26(a)(2) as it relates to defendant officer liability.

15. For good cause, Plaintiff now moves to extend the expert schedule on the individual defendant claims to align with the expert schedule to be set on the *Monell* claims. Alternatively, Plaintiff asks for an extension until at least September 1, 2025 to disclose his

expert report on Defendant liability so that the deadline is closer in time to when Plaintiff's expert would begin his review of discovery related to Plaintiff's *Monell* report.

16. Federal Rule of Civil Procedure 16(b) directs the Court to enter a scheduling order that limits the time to complete various aspects of each civil case. That same rule states that the schedule established by the Court "shall not be modified except upon a showing of good cause . . . ." *Compania Administradora De Recuperacion De Activos Administradora De Fondos De Inversion Sociedad Anonima v. Titan Int'l*, No. 05-CV-3071, 2006 U.S. Dist. LEXIS 22192, at *3 (C.D. Ill. Apr. 21, 2006)

17. Having one expert schedule on this matter for both Defendant liability and City liability is more efficient and economical for each side and the Court and will not prejudice any party.

18. As Plaintiff has done in the past with similar wrongful conviction cases involving individual claims and *Monell* claims, Plaintiff will be disclosing the same police practice expert Tom Tiderington to opine on most of the issues of this case.

19. While phasing fact discovery between the individual claims and *Monell* claims understandably allows for a more focused and streamlined discovery processes, the phasing or bifurcation of expert disclosures has the opposite effect.

20. Not only will Plaintiff be burdened by having to duplicate expenses with the same expert for two reports of overlapping issues of facts, but Defendants will also have to expend time and money on two depositions of Plaintiff's expert should the expert schedule remain on two tracks.

21. Further, Mr. Molina's deposition transcript needs to be reviewed by Plaintiff's experts before they can finalize their reports.

22. With the serious nature of the allegations of this Complaint and ongoing *Monell* fact discovery schedule, no prejudice to any party will occur by extending and aligning the expert deadlines on the individual claims with the expert deadlines to be set on the *Monell* claims. Indeed, aligning expert disclosure and deadlines on a single schedule would be more economical, efficient and prevent duplicative work for all parties involved.

23. Plaintiff has conferred with Defendants who have indicated they do not oppose this motion.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court strike the expert discovery schedule set for the individual defendant claims and hold the expert schedule in abeyance until the appropriate time to set both the Defendant and *Monell* expert schedule. In the alternative, Plaintiff asks for an extension until at least September 1, 2025 to disclose his expert report on Defendant liability so that the deadline is closer in time to when Plaintiff's expert will begin his review of discovery related to Plaintiff's *Monell* report.

Dated: May 7, 2025                    Respectfully Submitted,

                                      /s/ ASHLEY COHEN

                                      *Attorney for Reynaldo Munoz*
                                      Bonjean Law Group, PLLC
                                      303 Van Brunt Street, 1st Floor
                                      Brooklyn, New York 11231
                                      Tel: 718.875.1850
                                      Fax: 718.230.0582
                                      ashley@bonjeanlaw.com

                                      **Chicago Address:**
                                      Bonjean Law Group, PLLC
                                      53 W. Jackson Blvd., Ste. 315
                                      Chicago, Illinois 60604